Manuel Monge Pastrana, peticionario, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Rafael Buscaglia, Tesorero de Puerto Rico, interventor.

Núm. 170.—*Sometido:* Febrero 3, 1948. *Resuelto:* Abril 21, 1948.

*D. Guerrero Noble* y *E. Díaz Santana,* abogados del peticionario; *Hon. Procurador General Luis Negrón Fernández* y *Edgar S. Belaval,* abogado especial del Departamento de Justicia, abogados del interventor, querellado en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El 25 de junio de 1945 el peticionario en este caso radicó ante el Tribunal de Contribuciones una querella en la que alegó, en síntesis: Que era dueño de una gallera; que el querellado Tesorero de Puerto Rico le cobró $337.17 en concepto de arbitrios sobre espectáculos públicos por entradas a dicha gallera; que el peticionario pagó dichos arbitrios bajo protesta; y que el cobro de dichos arbitrios fué ilegal por los siguientes motivos: porque no había base para imponer dicha suma ya que en el negocio de gallera no hay un ingreso fijo y el 90 por ciento del público que a ellas asiste no paga contribución ninguna por entrada; que la primera notificación que recibió fué una notificación de embargo sin que hasta esa fecha fuera fiscalizada en forma alguna la gallera de su propiedad; y que la ley que imponía el arbitrio era arbitraria ya que la misma no establece ninguna base fija para cobrar un impuesto y además que la mayor parte del público no paga por las entradas haciéndolo gratuitamente.

El Tesorero contestó la querella aceptando algunos hechos y negando otros y alegó que había actuado dentro de ley y que no había cobrado arbitrios sobre aquella parte del público que entró a la gallera sin pagar boleto de entrada.

Posteriormente, el peticionario radicó una querella enmendada en la que alegó como fundamento adicional para solicitar el reintegro de los arbitrios, que las Leyes núm. 84 de 29 abril de 1940 (pág. 573) y núm. 186 de 15 de mayo

de 1941 ((1) pág. 1401) que imponen los arbitrios sobre espectáculos públicos, eran nulas e inconstitucionales ya que cada una de ellas contenía más de un asunto, tanto en sus títulos como en su cuerpo, violando así el artículo 34 de la Ley Orgánica de Puerto Rico.

Sometido el caso, el Tribunal de Contribuciones el 6 de febrero de 1947, desestimó la querella por falta de hechos constitutivos de causa de acción y concedió al peticionario un término para enmendar su querella. La resolución del Tribunal se fundó en que a juzgar por las actuaciones y las alegaciones de las partes la única cuestión a resolverse era si ciertas leyes eran inconstitucionales, y que de la faz de la querella no aparecía que dicha inconstitucionalidad hubiese sido consignada específicamente como motivo del pago bajo protesta al dorso del recibo pagado. También expuso el Tribunal el fundamento de que el querellante no alegó que los arbitrios de que se trata no fueran cobrados por él a los espectadores, ni que el peticionario hubiese dejado de efectuar tal cobro fundándose en la nulidad e inconstitucionalidad de las mencionadas leyes.

El 17 de febrero de 1947 el peticionario radicó una segunda querella enmendada, la cual era igual a la primera querella enmendada, con la excepción de que alegó lo siguiente: "Que el querellante soportó el pago de dichos arbitrios, multas, recargos e intereses."

El Tesorero radicó una moción de desestimación basada en que la querella enmendada adolecía de los mismos defectos que la que ya había sido desestimada, y porque no se había acompañado a la querella original el recibo del pago bajo protesta.

El Tribunal de Contribuciones en 23 de junio de 1947 dictó resolución declarando con lugar la moción de desestimación por el fundamento de que no aparecía de esta segunda querella enmendada, como tampoco aparecía de la anterior, que la inconstitucionalidad de las leyes en cues-

tión hubiese sido uno de los fundamentos consignados como motivo de protesta al dorso del recibo del pago de los arbitrios; y porque de la querella no aparecía que el peticionario hubiese sufrido el peso del pago de los arbitrios en cuestión.

Para revisar dicha resolución expedimos el auto en este caso.

La cuestión primordial a resolver es si las secciones 1 y 3 de la Ley núm. 8 de 19 de abril de 1927 (pág. 123), según enmendadas por la núm. 17 de 21 de noviembre de 1941, Primera Legislatura Extraordinaria (pág. 55), sobre Pago de Contribuciones Bajo Protesta, impiden a un contribuyente alegar por primera vez ante el Tribunal de Contribuciones, la cuestión de la constitucionalidad de una ley, cuando éste no ha sido uno de los motivos consignados por él al pagar la contribución bajo protesta. Dichas secciones 1 y 3 disponen, en lo pertinente:

"Sección 1.—Cuando algún contribuyente creyere que no debe pagar cualquier contribución o parte de ella . . . dicho contribuyente estará, no obstante, obligado a pagar la contribución totalmente . . . y si desea establecer alguna reclamación, al efectuar el pago, pedirá a dicho colector o funcionario recaudador, que consigne su protesta al dorso del recibo, *indicando específicamente* la parte de la contribución que ha sido pagada bajo protesta e impugnada por el contribuyente *y las razones en que funda la protesta e impugnación.* . . ." (Bastardillas nuestras.)

"Sección 3.—El contribuyente que haya pagado el todo o parte de cualquier contribución bajo protesta, de acuerdo con esta Ley y las excepciones que en ella se establecen, podrá, dentro del plazo de treinta (30) días, a partir de la fecha del pago, presentar demanda jurada contra el Tesorero de Puerto Rico en la corte de distrito correspondiente[1] para obtener la devolución de la cantidad protestada; *Disponiéndose, que la demanda no podrá ser por otra cantidad ni por otro fundamento que los alegados en su protesta al realizar el pago.* . . ." (Bastardillas nuestras.)

---

[1] Ahora ante el Tribunal de Contribuciones de Puerto Rico, de acuerdo con la Ley núm. 169 de 1943 (pág. 601).

A virtud de esta ley el Pueblo de Puerto Rico ha consentido en ser demandado por los contribuyentes con el fin de que puedan recobrar aquellas contribuciones con las cuales no estuvieren conformes y las hubieran pagado bajo protesta, por cualquier motivo, pero limitando dicho consentimiento. Primero impone la obligación a los contribuyentes de que consignen específicamente las razones en que se funda la protesta e impugnación, y segundo, impone como condición a la reclamación judicial, que la demanda no podrá ser ''por otro fundamento que los alegados en su protesta al realizar el pago.'' Que la gracia que concede el soberano al permitir que se le demande puede ser limitada o sujeta a ciertas condiciones, no admite discusión. *The Mayagüez Light, Power & Ice Company* v. *Tribunal de Contribuciones,* ante, pág. 519 y casos en él citados. Y en relación con el consentimiento concedido debe cumplirse estrictamente con las condiciones y las restricciones que la legislatura haya impuesto. *La Correspondencia de P. R.* v. *Buscaglia, Tesorero,* 58 D.P.R. 680; Anotación, 42 A.L.R. 1478.

Refiriéndose a aquellas leyes que permiten demandas después de haber pagado la contribución bajo protesta, se dice en 3 Cooley *Taxation,* sección 1296: ''El derecho a recobrar una contribución pagada bajo protesta depende primordialmente en que el estatuto lo autorice.'' En la sección 1297 hace constar que ''Independientemente del estatuto, un pago no es compulsorio meramente porque se haga bajo protesta. De otro lado, si se paga bajo compulsión, ninguna protesta es necesaria. Sin embargo, en caso de duda, la protesta puede considerarse para determinar la cuestión de compulsión.'' Y entonces, en la sección 1298 aclara que ''Estatutos en algunos Estados han cambiado la regla algo y han permitido recobrar en todos los casos de una contribución ilegal siempre que al hacer el pago se haga una protesta formal según disponga el estatuto. En relación con dichos estatutos sólo es necesario decir que una parte que descansa en

ellos debe tener cuidado de iniciar su caso de acuerdo con sus disposiciones . . . Cuando el estatuto requiere una protesta por escrito, una protesta verbal, aun cuando el empleado haga constar en sus libros que la contribución se pagó bajo protesta, no es suficiente. Generalmente se requiere que la protesta especifique los motivos de la invalidez en que se descansa, y los motivos no especificados no serán considerados, pero a menos que se requiera por estatuto, los motivos de la protesta no tienen que ser especificados en la notificación del pago bajo protesta.''

 En Puerto Rico, de acuerdo con la Ley sobre Pago de Contribuciones Bajo Protesta, se ha autorizado a demandar al Estado para recobrar las mismas, limitándose tal derecho, sin embargo, a que los motivos en que se funda la acción judicial sean los mismos que el contribuyente hizo constar al hacer el pago bajo protesta. La Ley sobre Pago de Contribuciones Bajo Protesta no impide al contribuyente levantar la cuestión de la constitucionalidad de la ley que impone la contribución, como arguye el peticionario, empero, si éste teniendo la oportunidad de hacer constar dicho motivo al efectuar el pago bajo protesta, no lo hizo, no puede quejarse de su propia actuación.

Lo que la ley persigue es que el Tesorero de Puerto Rico tenga conocimiento previo del motivo que habrá de servir de base a la contienda judicial y así tener la oportunidad de prepararse para ella defendiendo la legalidad de la ley impugnada por motivos ya expuestos por el contribuyente. Al limitar la causa de acción en esta forma el Estado no ha privado al contribuyente de ningún derecho, ya que ninguno tenía hasta que le fué concedida la gracia de poder demandar al soberano.

Los casos citados por el peticionario no son de aplicación al presente, ya que los estatutos bajo los cuales fueron resueltos son distintos al nuestro al no limitar expresamente la acción judicial a los motivos expuestos en el acta del pago

bajo protesta. No erró el tribunal inferior al resolver la cuestión principal envuelta en la forma en que lo hizo.

■ Arguye, por último, el peticionario, que el Tribunal de Contribuciones erró al interpretar la alegación de su querella al efecto de que "el querellante soportó el pago de dichos arbitrios, multas, recargos e intereses" al resolver que, esa alegación significa que el peticionario cobró de sus parroquianos los arbitrios de espectáculos públicos en concepto de entradas a su gallera.

Lo que en realidad resolvió el tribunal inferior fué lo siguiente:

"Esta decisión nuestra no priva al contribuyente de su derecho. a iniciar cualquier otro procedimiento legal para recuperar el arbitrio cuyo cobro, según él opina, se realizó en virtud de disposiciones nulas e inconstitucionales de la ley que lo fijara. Mas él no alega todavía, en su nueva querella enmendada, que él no cobró de sus parroquianos los arbitrios de espectáculo público, en concepto de entradas a una gallera. El sí expone en su escrito de apelación que él 'soportó el pago, de dichos arbitrios, multas y recargos e intereses', o sea, los que pagó bajo protesta.

"No era menester que alegara esa conclusión de hecho. Se sabe perfectamente bien que no fueron las personas que asistieron a su gallera las que pagaron *bajo protesta* los arbitrios de marras. Esos asistentes satisficieron voluntariamente los tributos que pretende ahora la parte recurrente recuperar, aunque no le pertenezcan, so pretexto de que el precepto estatutario *en que se amparó para cobrarlos,* es nulo e inconstitucional, no obstante el hecho de que de acuerdo con la ley disponiendo el pago de contribuciones bajo protesta, y a la cual él se ha acogido, no autoriza que se haga tal cosa tardíamente."

Indudablemente el tribunal tuvo en mente al resolver en la forma en que lo hizo que la sección 4 del artículo 1 de la Ley núm. 169, aprobada el 15 de mayo de 1943, según quedó enmendada por la Ley núm. 137, aprobada el 9 de mayo de 1945 (pág. 463), en lo pertinente dispone que:

"Cuando se trate de un requerimiento de pago por el Tesorero en virtud de cualquier arbitrio o contribución de licencia estable-

cidos por las Leyes de Rentas Internas de Puerto Rico, o por la Ley de Bebidas de Puerto Rico, o por cualquier otra ley que establezca arbitrios o contribuciones de licencias, se podrá acudir en apelación ante dicho Tribunal solamente por la persona o entidad que realmente haya sufrido el peso de pagar el arbitrio o contribución, y una alegación en tal sentido y la prueba de la misma en su oportunidad, serán considerados como requisitos jurisdiccionales.''

Aceptando, sin resolverlo, que la alegación del peticionario de que él ''soportó'' el pago de los arbitrios signifique que él no se los cobró a los espectadores, siempre subsistiría la cuestión principal ya discutida y resuelta en su contra.

*Debe confirmarse la resolución dictada por el Tribunal de Contribuciones.*