IsABEL ORTIZ, como madre de la menor GLORIA VILLANUEVA, demandante y apelante, *v.* EL PUEBLO DE PUERTO RICO, demandado y apelado.

No. 5643.—*Sometido:* Diciembre 8, 1931. *Resuelto:* Noviembre 30, 1932.

*García Méndez & García Méndez* y *J. Veray Jr.,* abogados de la apelante; *Hon. Attorney General Charles E. Winter* (*James R. Beverley* en el alegato) y *T. Torres Pérez,* Subprocurador, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Se trata de una acción por daños y perjuicios que se alega fueron causados por la negligencia de un conductor empleado por el Gobierno de Puerto Rico mientras se hallaba a cargo de un camión perteneciente al demandado. La corte de distrito sostuvo la excepción previa a la demanda por falta de hechos suficientes para determinar causa de acción, y posteriormente, a instancias de la parte actora, desestimó la acción.

El inciso (*a*) de la sección 1ª. de la ley aprobada en abril 13, 1916, Leyes de ese año, página 155, autorizando a

las cortes de distrito de Puerto Rico a conocer de pleitos contra El Pueblo de Puerto Rico en ciertos casos, especificaba:

"Acciones por daños y perjuicios basados sobre contratos, celebrados después que esta Ley entre en vigor."

Según fué enmendado en 1928 (Leyes de ese año, página 131) este inciso ahora expresa: "Acciones por daños y perjuicios." Por tal disposición El Pueblo de Puerto Rico consintió en ser demandado en ciertos casos en que hubiera una causa de acción bajo la ley que ya estaba en vigor. La enmienda de 1928 no creó ninguna causa de acción nueva. Era una renuncia de inmunidad contra cualquier acción para exigir una responsabilidad existente, pero no constituía una renuncia de inmunidad en casos en los cuales no existiera ninguna responsabilidad legal en que basar un pleito. Véanse 36 Cyc. 915; *Saurí y Subirá* v. *Sepúlveda,* 25 D.P.R. 242; y *Austin W. Jones Co.* v. *State,* 119 Atl. 577.

█ Según los términos del artículo 1804 del Código Civil (1803 de la Revisión de 1930) El Pueblo de Puerto Rico no es responsable de daños y perjuicios excepto cuando obra por mediación de un agente especial. La apelante no sostiene que el conductor del camión en el presente caso era un agente especial. Los hechos alegados en la demanda llevan a una conclusión contraria.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Wolf disintió.*

El Juez Asociado Señor Córdova Dávila no intervino.