M. Grau e Hijos, demandante y apelante, *v.* El Pueblo de Puerto Rico, demandado y apelado.

Núm. 6910.—*Sometido:* Febrero 21, 1936.—*Resuelto:* Febrero 19, 1937.

---

* Nota: Véase el prefacio.

*José Sabater,* abogado de la apelante; *Hon. Procurador General B. Fernández García* y *R. Cordovés Arana, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Éste es un caso resuelto contra la demandante por la Corte de Distrito de Mayagüez a base de una excepción previa de la demanda y por ende los hechos alegados deben aceptarse como ciertos. Se admitió que la demandante no podía enmendar. M. Grau e Hijos era una sociedad debidamente organizada con domicilio en Mayagüez. Era dueña de cierto edificio que se describe plenamente en la demanda y alegaba que determinadas partes del mismo fueron destruídas por una explosión y por el subsiguiente incendio y que los daños ocasionados a la demandante ascendían a $3,844.12.

Ahora bien, no puede haber duda alguna de que la explosión y el incendio que le sucedió fueron resultados de la pólvora u otros explosivos almacenados en un edificio contiguo del cual la Guardia Nacional era arrendataria. La demanda alega, y la corte inferior desde luego podía tomar conocimiento judicial de ello, que la Guardia Nacional es un cuerpo organizado por la Legislatura de Puerto Rico para desempeñar ciertos deberes, y tampoco puede haber duda alguna de que los oficiales de la Guardia Nacional tienen facultad para tomar en arrendamiento edificios para el almacenaje de las materias explosivas que puedan necesitar.

Originalmente M. Grau e Hijos presentó una reclamación contra El Pueblo de Puerto Rico, cuya demanda fué declarada sin lugar debido a que no existía autorización para demandar al Pueblo de Puerto Rico por los fundamentos que se alegaban en la misma. Posteriormente la legislatura

aprobó una ley autorizando a la demandante a instruir este pleito contra El Pueblo de Puerto Rico.

Podemos decir aquí que esa ley no impuso al Pueblo de Puerto Rico ninguna responsabilidad que de lo contrario no hubiera tenido. Meramente concedió a M. Grau e Hijos un remedio, si El Pueblo de Puerto Rico tenía una responsabilidad sustantiva. Que la exención a ser demandado es sustantiva más bien que la inexistencia del remedio se desprende claramente del caso de *Riddoch* v. *State*, 68 Wash. 329, 42 L.R.A. (N.S.) 251, y de los casos en él citados.

■■ La principal controversia en este litigio es si la Guardia Nacional puede ser considerada como un agente especial dentro de los preceptos del artículo 1803 del Código Civil (edición de 1930), que lee así:

"La obligación que impone el artículo anterior es exigible, no sólo por los actos u omisiones propios, sino por los de aquellas personas de quienes se debe responder.

"El padre, y por muerte o incapacidad de éste, la madre, son responsables de los perjuicios causados por los hijos menores de edad que viven en su compañía.

"Los tutores lo son de los perjuicios causados por los menores o incapacitados que están bajo su autoridad y habitan en su compañía.

"Lo son igualmente los dueños o directores de un establecimiento o empresa respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en que los tuvieran empleados, o con ocasión de sus funciones.

"El Pueblo de Puerto Rico es responsable en este concepto cuando obra por mediación de un agente especial; pero no cuando el daño hubiese sido causado por el funcionario a quien propiamente corresponda la gestión practicada, en cuyo caso será aplicable lo dispuesto en el artículo anterior.

"Son, por último, responsables los maestros o directores de artes y oficios respecto a los perjuicios causados por sus alumnos o aprendices, mientras permanezcan bajo su custodia.

"La responsabilidad de que trata este artículo cesará cuando las personas en él mencionadas prueben que emplearon toda la diligencia de un buen padre de familia para prevenir el daño."

La demandante sostiene que la Guardia Nacional no es un departamento ejecutivo corriente del gobierno y que por tanto tiene que ser un agente especial.

Aceptándole a la demandante que la Guardia Nacional no es un agente ejecutivo corriente del gobierno, conforme podría decirse de cualquiera otro de los departamentos, no obstante la cuestión de ejecutivo *vel non* no es decisiva del caso. Podría haber un número de dependencias corrientes del gobierno que no podrían calificarse claramente de departamentos ejecutivos. Quizás el cuerpo de la policía es un ejemplo. El hecho cierto es que la Guardia Nacional desempeña ahora una función permanente bajo el Gobierno de Puerto Rico. De ordinario se reúne y hace ejercicios militares sin desempeñar ningún otro ministerio útil para El Pueblo de Puerto Rico. No obstante, existe para hacer frente a las emergencias que surjan en casos de crisis y puede ser y es distraída para ayudar al pueblo en casos de ciclones, que desgraciadamente ocurren no con poca frecuencia en Puerto Rico. (Véase el caso de *Herlihy* v. *Donohue,* 161 Pac. 164, 166.)

Los actos del Departamento del Interior y aun tal vez los del Departamento de Tesorería, no son totalmente distintos en su naturaleza.

El apelante no nos convence de que la Guardia Nacional sea un agente especial de tal índole que caiga dentro de las disposiciones del artículo 1803 supra. Por tanto el caso se reduce a la responsabilidad ordinaria del gobierno por los actos de sus agentes autorizados. La inmunidad del gobierno como consecuencia de estos actos es prácticamente absoluta y existe responsabilidad tan sólo cuando el gobierno opta por reconocerla. *Merritt* v. *Gobierno de las Islas Filipinas,* 34 Jur. Fil. 332. Esto sólo puede hacerse mediante legislación y quizá la demandante debería obtener un remedio de la Legislatura.

La demandante también da algún énfasis al hecho de que El Pueblo de Puerto Rico alquiló este edificio contiguo, más tal arrendamiento por parte de los oficiales de la Guardia Na-

cional tampoco impuso responsabilidad para El Pueblo de Puerto Rico. Éste aún así no es responsable de los actos de los agentes que no son especiales dentro del espíritu del artículo 1803.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.