Valiente & Cía., S. en C., demandante y apelada, *v.* Hon. Sergio Cuevas Bustamante, Comisionado del Interior, e Ignacio Saavedra, Superintendente de Obras Públicas, demandados y apelantes.

Núm. 9109.—*Sometido:* Mayo 9, 1945. *Resuelto:* Junio 25, 1945.

182

*Hon. Procurador General Interino Jesús A. González y Carmen B. Hernández, Procuradora Auxiliar,* abogados de los apelantes; *E. Martínez Rivera,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La cuestión decisiva en este caso es si la corte inferior actuó con jurisdicción al conocer de un pleito sobre sentencia declaratoria seguido en realidad contra El Pueblo de Puerto Rico, sobre una materia en relación con la cual El Pueblo de Puerto Rico no ha dado su consentimiento para ser demandado.

Aparece de las alegaciones de la demanda que Valiente & Co., S. en C., celebró un contrato el 17 de octubre de 1939 con el entonces Superintendente de Obras Públicas Sr. Jorge V. Dávila a nombre y en representación de El Pueblo de Puerto Rico, aprobado por el Comisionado del Interior, para la construcción por la demandante de un puente sobre el río Merle en la carretera de Patillas a Maunabo; que la demandante tuvo que pagar, a requerimiento del Departamento del Interior, mayores jornales que los estipulados y realizar trabajos no comprendidos en el contrato; que la demandante realizó la obra según las especificaciones originales contenidas en el proyecto, con las alteraciones y modificaciones que los demandados estimaron necesarias; que la obra quedó definitivamente aceptada el 21 de junio de 1941, y que al llevar a cabo la liquidación del contrato ha surgido entre las partes una controversia en cuanto a su interpretación; que mientras la demandante entiende que tiene derecho a que le

sea pagado el montante de las partidas que especifica en la demanda, los demandados opinan que no vienen obligados a ello ni a reconocer derecho alguno a la demandante por tales conceptos; que no habiendo podido ponerse de acuerdo recurre la demandante al procedimiento establecido por la Ley de Sentencias Declaratorias, solicitando que se declare que "el demandado" viene obligado a pagar a la demandante la cantidad que corresponde por las partidas especificadas en la demanda y se condene a los demandados, si se opusieren a tal declaración, al pago de las costas, gastos y honorarios de abogado de la demandante.

Los demandados comparecieron y contestaron la demanda, pero no invocaron el derecho que tiene el soberano de no ser demandado sin su consentimiento. Sin embargo, invocaron ese derecho en apelación y siendo como es una cuestión jurisdiccional, procederemos a discutirla.

La corte inferior, por los méritos de la prueba, declaró con lugar la demanda e impuso las costas a los demandados.

██ Es un principio bien establecido, que el soberano, y como tal, El Pueblo de Puerto Rico, en defecto de una ley que expresamente lo autorice, sólo puede ser demandado en relación con aquellas materias expresamente comprendidas en el artículo 1 de la Ley núm. 76 de 13 de abril de 1916 (pág. 155), según fué enmendada por la Ley núm. 11 de 18 de abril de 1928 (pág. 131), que dice:

"Artículo 1.—Las Cortes de Distrito de Puerto Rico estarán autorizadas en lo sucesivo para admitir demandas contra El Pueblo de Puerto Rico, en los siguientes casos:

" '(a) Acciones por daños y perjuicios.

" '(b) Acciones para reivindicar propiedad inmueble o mueble o derechos sobre la misma, con o sin resarcimiento de perjuicios por retención de los mismos o por daños causados en dicha propiedad o por sus rentas y utilidades y para deslinde de fincas rústicas; Disponiéndose, que no se recobrarán dichos daños y perjuicios y las rentas y utilidades sobredichas que se hubieren ocasionado por El Pueblo

de Puerto Rico con anterioridad a la fecha en que entable la acción' ''.(¹)

El presente caso no está comprendido dentro de las disposiciones del citado artículo, pero insiste la demandante en que no se trata de un pleito contra El Pueblo de Puerto Rico, sino contra sus funcionarios, y que por consiguiente el principio legal de que el soberano no puede ser demandado sin su consentimiento, no es de aplicación.

Una lectura de la demanda no deja dudas de que el contrato fué celebrado para y en beneficio de El Pueblo de Puerto Rico, y que es éste y no los funcionarios demandados el responsable del pago de la reclamación—si hubiere derecho a ello—si se tratase de un pleito por el procedimiento ordinario. En la demanda expresamente se alega que el contrato fué celebrado por el Superintendente de Obras Públicas Sr. Dávila "a nombre y en representación de El Pueblo de Puerto Rico", y no creemos que la demandante pretenda, dentro de las alegaciones de su demanda, que son los demandados con su propio peculio los obligados a pagar en todo o en parte el importe de la obra verificada para El Pueblo de Puerto Rico. Siendo ello así, es obvio que se trata de un pleito contra El Pueblo de Puerto Rico, a pesar de que la demanda se presenta contra sus funcionarios. *Sancho Bonet* v. *Yabucoa Sugar Co.*, 306 U. S. 505, 506 (1939); *Porto Rico* v. *Rosaly*, 227 U. S. 270, 274 (1913); *Puerto Rico* v. *Shell Co.*, 302 U. S. 253, 262 (1937); *La Correspondencia de P. R.* v. *Buscaglia, Tes.*, 58 D.P.R. 680 (1941); *Terceiro* v. *División de Hogares Seguros*, 53 D.P.R. 598 (1938).

El hecho de que en el presente caso la demandante haya recurrido al procedimiento de sentencias declaratorias,

---

(¹)El artículo 2 de la citada Ley de 1916 prescribe:

"No podrá entablarse ninguna acción contra El Pueblo de Puerto Rico a menos que el consentimiento para ello esté expresamente incluído en las disposiciones de esta Ley, y todo consentimiento, expreso o tácito, dado por El Pueblo de Puerto Rico y no incluído expresamente en esta Ley, queda por la misma revocado."

no confiere jurisdicción a la corte, pues siempre se trata de un pleito contra El Pueblo de Puerto Rico, para cuya institución el soberano no ha prestado su consentimiento. A este efecto dice Borchard, citado por los apelantes:

". . . la inmunidad del Estado contra pleitos—un concepto muy abusado—no ha sido alterada o modificada por la Ley de Sentencias Declaratorias. En varias ocasiones se ha hecho un esfuerzo para obtener una declaración sobre la obligación del Estado de reembolsar o pagar dinero, no con el fin de ejecutar la sentencia que de acuerdo con la ley es imposible, sino meramente para obtener una adjudicación de los derechos legales. Sus efectos persuasivos, para inducir a una Asamblea Legislativa a hacer una asignación, pueden ser considerables. Innecesario es decir, sin embargo, que tal procedimiento no puede sostenerse, y que una corte debe declinar jurisdicción aunque un funcionario público en apariencia haya sido demandado como un *alter ego* por el Estado." Borchard, *Declaratory Judgments* (Segunda edición, 1941), pág. 374.

*No habiendo El Pueblo de Puerto Rico dado permiso para ser demandado en el presente caso, actuó sin jurisdicción la corte a quo y procede, por consiguiente, la revocación de la sentencia.*([2])

---

([2]) El hecho de que se revoque la sentencia por falta de jurisdicción en la corte sentenciadora, no debe ser un obstáculo para que la demandante pueda obtener de la Asamblea Legislativa la autorización necesaria para demandar a El Pueblo de Puerto Rico si es que la Asamblea Legislativa estima que debe conceder tal permiso, pues esta opinión no prejuzga los méritos del caso.