José Rivera Vázquez, y su hijo menor de edad y bajo su patria potestad, Rosario Rivera, demandantes y apelantes, *v.* El Pueblo de Puerto Rico y Autoridad de Fuentes Fluviales de Puerto Rico, demandados y apelados.

Núm. 9315.—*Sometido:* Abril 17, 1946.　*Resuelto:* Abril 30, 1946.

*E. Pérez Casalduc,* abogado de los apelantes; *Hon. Procurador General E. Campos del Toro, Luis Negrón Fernández, Primer Procurador General Auxiliar, y Carlos Santana Becerra, Procurador General Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El presente es un pleito de daños y perjuicios instituído por José Rivera Vázquez y su hijo menor de edad bajo su patria potestad contra El Pueblo de Puerto Rico y la Autoridad de Fuentes Fluviales de Puerto Rico. Alega la demanda que la Autoridad de Fuentes Fluviales ha instalado y opera una subestación en Jayuya, que transforma corriente de alta tensión que llega a la subestación, en corriente utilizable para el consumo público; que debido a la negligencia de la Autoridad de Fuentes Fluviales y/o de sus empleados en situar dicha subestación en un sitio tan densamente poblado y al dejar de inspeccionar y conservar estos alambres eléctricos de alto voltaje, el niño sufrió quemaduras al venir

en contacto con uno de los alambres que iban a la subestación. La Autoridad de Fuentes Fluviales radicó una contestación que contenía también varias defensas especiales. El Pueblo de Puerto Rico solicitó la desestimación por el fundamento entre otros de que la demanda no alega que la Autoridad de Fuentes Fluviales sea un agente especial del Pueblo de Puerto Rico.

La corte de distrito declaró con lugar la moción del Pueblo y a solicitud de los demandantes dictó sentencia desestimando la demanda en cuanto a El Pueblo de Puerto Rico. Contra dicha sentencia apelan los demandantes.

El Pueblo de Puerto Rico no puede ser demandado sin su consentimiento. *Valiente & Cía., S. en C.* v. *Cuevas, Comisionado,* 65 D.P.R. 181; *Méndez* v. *Buscaglia, Tesorero,* 64 D.P.R. 743. Este consentimiento ha sido concedido para pleitos de daños y perjuicios. Ley núm. 11, Leyes de Puerto Rico, 1928 (pág. 131). Pero hemos resuelto que la Ley núm. 11 debe interpretarse conjuntamente con el artículo 1803 del Código Civil, que dispone que en cuanto a la obligación que impone el artículo 1802 por negligencia "El Pueblo de Puerto Rico es responsable en este concepto cuando obra por mediación de un agente especial; pero no cuando el daño hubiese sido causado por el funcionario a quien propiamente corresponda la gestión practicada, en cuyo caso será aplicable lo dispuesto en el artículo anterior."

Hemos resuelto que bajo el artículo 1803 El Pueblo no puede ser demandado por actos negligentes realizados por empleados en el desempeño normal de las funciones de sus cargos. Solamente si se realizan los actos por un agente especial a quien se le encomienda que haga algo ajeno a sus deberes regulares y con poderes como tal agente para obligar al Pueblo, puede hacerse responsable al gobierno por los actos negligentes de dicho agente en el desempeño de tales actos. *Soto* v. *Lucchetti,* 58 D.P.R. 713; *Ortiz* v. *Pueblo,* 44 D.P.R. 153. En la demanda no se alega que los actos negligentes en este

caso fueran realizados por tal agente especial. Por lo tanto la corte de distrito actuó correctamente al declarar sin lugar la demanda en cuanto a El Pueblo de Puerto Rico.

La contestación radicada por la Autoridad de Fuentes Fluviales no establece la defensa de que ella no puede ser demandada por los alegados actos negligentes realizados en este caso. La Autoridad ha contestado el caso en sus méritos y ha levantado varias otras defensas. Por tanto el caso permanece pendiente de que se resuelva la controversia existente entre el demandante y la Autoridad de las Fuentes Fluviales.

*La sentencia de la corte de distrito será confirmada y se devolverá el caso a dicha corte para ulteriores procedimientos no inconsistentes con esta opinión.*