NATALIA CAMPIS, demandante y apelada, *v.* EL PUEBLO DE PUERTO RICO, demandado y apelante.

Núm. 9381.—*Sometido:* Abril 9, 1947. *Resuelto:* Mayo 29, 1947.

Hon. *Procurador General Interino Luis Negrón Fernández* (*E. Campos del Toro, ex Procurador General,* en el alegato), y *J. B. Fernández Badillo, Procurador General Auxiliar,* abogado del apelante; *F. Montalvo Guenard* y *Pedro Nelson Colberg,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

La Ley núm. 237 de 12 de mayo de 1945 (pág. 803) reza en lo pertinente así:

"Sección 1.—Por la presente se autoriza a la señora Natalia Campis, de Cabo Rojo, Puerto Rico, para demandar al Pueblo de Puerto Rico en reclamación de daños y perjuicios por las lesiones sufridas por dicha señora al sufrir un accidente el día 26 de agosto de 1944 en el pueblo de Cabo Rojo, Puerto Rico, cayéndose dentro de una excavación practicada en la calle Rius Rivera por el Programa de Emergencia de Guerra que entonces realizaba la reparación de calles en ese pueblo."

Dicha ley contiene dos secciones adicionales y una Exposición de Motivos. En la sección 2 se provee que toda ley o parte de ley que se oponga a ella queda derogada y en la 3 que por ser de carácter urgente y necesaria la misma empezará a regir inmediatamente después de su aprobación.

En armonía con los términos de la misma, en 12 de julio de 1945 Natalia Campis radicó ante la Corte de Distrito de Mayagüez una demanda de daños y perjuicios contra El Pueblo de Puerto Rico que puede sintetizarse así: (1) que su reclamación ha sido autorizada por acción legislativa mediante la Ley núm. 237; (2) que en 26 de agosto de 1944, como a las 9 p.m. mientras transitaba por la calle Rius Rivera del pueblo de Cabo Rojo ella cayó de cabeza dentro de una excavación allí practicada como parte de los trabajos de reparación de las calles y las aceras de dicho pueblo, llevada a cabo por y bajo la dirección del Programa de Emergencia de Guerra, el cual es a su vez una de las actividades autorizadas por el

Consejo Insular de Emergencia que fué creado como una agencia ejecutiva del Gobierno de Puerto Rico por la Ley núm. 16. aprobada el 27 de noviembre de 1942; (3) que en el referido accidente ella se produjo la fractura de su clavícula derecha, etc.; (4) que dicho accidente tuvo como causa directa y única la negligencia y el descuido de las personas empleadas en las mencionadas obras; (5) que debido a la lesión sufrida en su mano derecha se ha visto impedida de trabajar durante unas 20 semanas en labores de aguja y costura en general, y (6) que como consecuencia de dicho accidente ha sufrido daños y perjuicios que razonablemente valen la suma de $3,500. Termina solicitando se condene a El Pueblo de Puerto Rico a pagarle la indicada cantidad.

El demandado contestó negando los hechos esenciales de la demanda y luego de plantear determinadas cuestiones de derecho, que fueron reiteradamente desestimadas, se oyó prueba testifical, habiendo más tarde la corte dictado sentencia declarando con lugar la demanda. No conforme, El Pueblo ha apelado y en su alegato señala dos errores, siendo el primero de ellos que la corte de distrito erró al resolver que la demandante no tenía que prestar la fianza requerida por la sección 4 de la Ley núm. 76 de 13 de abril de 1916 (pág. 155) como condición previa para entablar su demanda, errando, por consiguiente al declararse con jurisdicción para entender en el caso.

Es principio general de derecho que el soberano no puede ser demandado sin su consentimiento. *Bonet* v. *Yabucoa Sugar Co.*, 306 U.S. 505; *Porto Rico* v. *Rosaly*, 227 U.S. 270; *Valiente & Cía.* v. *Cuevas*, 65 D.P.R. 181; *Méndez* v. *Buscaglia, Tesorero*, 64 D.P.R. 743 y *Rivera* v. *Pueblo*, 65 D.P.R. 983. Y cuando presta su consentimiento para que se le demande habrá de cumplirse con todas las condiciones impuestas por él al conceder tal autorización. *Saurí y Subirá* v. *Sepúlveda*, 25 D.P.R. 242, 245.

En la referida Ley núm. 237 de 1945, El Pueblo de Puerto Rico tan sólo faculta a Natalia Campis para que le

demande en reclamación de daños y perjuicios por las lesiones por ella sufridas. Según dijimos en el caso de *M. Grau e Hijos* v. *Pueblo,* 51 D.P.R. 13, 15, esa Ley([1])—una Resolución Conjunta cuyo contexto es muy parecido al de la Ley 237—"no impuso al Pueblo de Puerto Rico ninguna responsabilidad que de lo contrario no hubiera tenido," diciéndose además que tan sólo le concedió un remedio y que meramente le facultó para demandar a El Pueblo de Puerto Rico.

Por la Ley núm. 76 de 13 de abril de 1916 (pág. 155) según fué enmendada por la núm. 11 de 18 de abril de 1928 (pág. 131), se autoriza en forma general a las cortes de distrito de Puerto Rico para admitir demandas contra El Pueblo de Puerto Rico en acciones por daños y perjuicios y para reivindicar propiedad inmueble o mueble. Por la sección 4 de ella se dispone que todo demandante, como condición previa para entablar su demanda, debe prestar una fianza por la suma de $2,000. En el caso de autos está admitido por las partes que tal fianza no se prestó y que tampoco se solicitó de la corte que eximiera a la demandante, por razón de su pobreza, de prestar fianza. ¿Al facultarse a la demandante a entablar demanda contra El Pueblo de Puerto Rico en la forma en que la Ley núm. 237 lo hizo, se le relevó de la prestación de la fianza a que ya nos hemos referido o de cualesquiera otros de los requisitos exigidos por la ya mencionada Ley de 1916? A nuestro juicio no. La Ley 237, supra, meramente le otorgó el derecho a demandar a El Pueblo de Puerto Rico. En forma alguna derogó la núm. 76 de 1916 o los requisitos exigidos por ésta para poder demandar a nuestro gobierno. [6] Las derogaciones de las leyes son expresas o tácitas. Artículo 6 del Código Civil, Edición de 1930. Las derogaciones tácitas no son favorecidas por la ley. La núm. 237 de 1945 no deroga expresamente la núm. 76 de 1916. Solamente provee en su sección 3, según ya hemos indicado, que toda ley o parte de ley que a ella se oponga queda dero-

gada. Empero, la de 1916 nada contiene que se oponga a la núm. 237 de 1945 o que sea irreconciliable con la misma. Al autorizarse a Natalia Campis a demandar a El Pueblo de Puerto Rico tan sólo se le facultó para entablar demanda contra el soberano, a fin de que judicialmente pudiera determinarse si éste tenía una responsabilidad substantiva.

■ Leyes de esa naturaleza han de interpretarse siempre restrictivamente[2] y en esa clase de casos el demandante debe cumplir a cabalidad con todos los requisitos exigidos por el Estado.

Cuando El Pueblo de Puerto Rico en alguna ley autorizando demandas en su contra ha querido relevar a la parte demandante del cumplimiento de cualquiera de los requisitos exigidos por la ley general de 1916 supra, así lo ha hecho constar específicamente. Por ejemplo, por la Ley núm. 7 de 30 de marzo de 1938 (pág. 126) autorizó a Alfonso González Cabrera para que le demandara sin el requisito de la prestación previa de fianza, y por la núm. 176 de 15 de mayo de 1939 (pág. 903) según fué enmendada por la Ley núm. 105 de 5 de mayo de 1941 (pág. 773), autorizó a los herederos de don Manuel Estrada y don Fernando Noa Pimentel a demandar a El Pueblo de Puerto Rico, haya o no actuado éste a través de un agente especial. En el presente caso no se hizo salvedad alguna, ni se eximió a la demandante de cumplir con ninguno de los requisitos exigidos por la Ley general de 1916.

■ La prestación de la fianza, según los propios términos de la ley, es una condición previa y sin ella la corte de distrito ante la cual se entabla una demanda contra El Pueblo de Puerto Rico no adquiere jurisdicción. *Ortiz Toro* v. *Pueblo,* 59 D.P.R. 441; *Masini* v. *Pueblo,* 53 D.P.R. 294, 297.

No habiendo la demandante radicado en momento alguno la fianza requerida por la sección 4 de la Ley de 1916, ni habiendo ella solicitado ni obtenido de la corte inferior que

---

[2] *Miller* v. *Pillsbury,* 164 Cal. 199, Ann. Cas. 1914 B, 886, 128 Pac. 327.

por razón de su pobreza le eximiera de la prestación de tal fianza, es claro que la Corte de Distrito de Mayagüez no ha adquirido jurisdicción para conocer de este caso. El error señalado ha sido, en su consecuencia, cometido.

Habiendo llegado a la conclusión anterior, es innecesario discutir el segundo error levantado. Éste es al efecto de que la demanda no aduce hechos constitutivos de causa de acción, ·por no alegarse en la misma que los actos negligentes fueron realizados por un agente especial(3) de El Pueblo de Puerto Rico. Tampoco es necesario resolver si ese defecto en la demanda podía subsanarse mediante prueba o si dicha corte cometió error al decidir que el Consejo Insular de Emergencia creado por la Ley núm. 16 de 29 de noviembre de 1942, (Ses. Ext., pág. 51) es una agencia especial de El Pueblo de Puerto Rico dentro de las disposiciones del artículo 1803 del Código Civil (Edición de 1930). Todas estas cuestiones fueron suscitadas por el demandado no sólo al momento de iniciarse la vista del caso, sino también luego de desfilar la prueba de la demandante y reiteradamente la corte declaró las mismas sin lugar.

*Debe revocarse la sentencia apelada, y desestimarse la demanda.*

---

(3) Para un estudio de lo que se entiende por un agente especial bajo el artículo 1803, Edición de 1930, véanse *Soto* v. *Lucchetti,* 58 D.P.R. 713 y *Rivera* v. *Pueblo,* supra.