THE PORTO RICAN AND AMERICAN INSURANCE COMPANY, demandante y apelante, *v.* EL PUEBLO DE PUERTO RICO, demandado y apelado.

Núm. 9562.—*Sometido:* Abril 1, 1948. *Resuelto:* Abril 27, 1948.

*Córdova & González* y *Carlos J. Faure,* abogados de la apelante; *Hon. Procurador General Luis Negrón Fernández* y *A. Torres Braschi,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

The Porto Rican and American Insurance Company inició acción de daños y perjuicios en contra de El Pueblo de Puerto Rico alegando en su demanda que el 17 de enero de 1947 expidió una póliza de seguros a favor de la corporación Puerto Rico Beverages and Flavoring, Inc. para indemnizar a ésta de cualquier pérdida que pudiera sufrir con motivo de la operación y mantenimiento de un vehículo de motor, camión, o de cualquier daño que pudiera sufrir dicho vehículo y que fuere ocasionado por terceras personas; que en la fecha mencionada dicho vehículo al transitar por la carretera pública número tres, dentro de la jurisdicción del municipio de Luquillo, patinó yendo a chocar con dos árboles y un poste de teléfono, quedando totalmente destruído; que dicha carretera pública pertenece a El Pueblo de Puerto Rico y está a cargo del Negociado de Obras Públicas del demandado, y que el accidente descrito se debió a y tuvo como causa próxima la negligencia del demandado al mantener dicha carretera con desperfectos, en estado de falta de reparación y de protección suficiente

para los vehículos que transitan por ella.(¹) Alegó, por último, la demandante que en cumplimiento de los términos de la póliza tuvo que pagar a la corporación la suma de $850 en pago total del camión, "quedando la demandante subrogada en todos los derechos y acciones que pudiere tener la corporación asegurada en contra de terceras personas y con motivo del accidente descrito anteriormente." A la demanda se acompañó fianza por la suma de $2,000 a favor del demandado para garantizarle de las costas en que pudiera incurrir si recayere sentencia a su favor.

El demandado presentó una moción de desestimación alegando que la demanda no aduce hechos suficientes constitutivos de una causa de acción, la cual fué declarada con lugar por el tribunal inferior dictando sentencia desestimando la demanda. La demandante apeló y en este recurso señala, como único error, el cometido a su juicio, por el Tribunal de Distrito de San Juan, "al decidir que El Pueblo de Puerto Rico no había prestado su consentimiento para ser demandado en este caso."

El tribunal inferior no fundó su sentencia en el motivo expuesto en el error señalado, sino más bien, en que, de acuerdo con lo resuelto en los casos de *Ortiz* v. *Pueblo,* 44 D.P.R. 153; *Soto* v. *Lucchetti,* 58 D.P.R. 713 y *Rivera* v. *Pueblo,* 65 D.P.R. 983, la sección 1 de la Ley núm. 76 de 13 de abril de 1916, (pág. 155), según enmendada por la Ley núm. 11 de 18 de abril de 1928 (pág. 131),(²) por la

---

(¹)La demandante predicó su acción en el artículo 404 del Código Político de Puerto Rico que dispone: "Artículo 404.—Responsabilidad civil.—El Pueblo de Puerto Rico será responsable civilmente de los daños y perjuicios que se ocasionen a las personas o propiedades por desperfectos, falta de reparación o de protección suficiente para el viajero en cualquier vía de comunicación, perteneciente a la Isla, y a cargo del Negociado de Obras Públicas, excepto donde se pruebe que los desperfectos de referencia fueron causados por la violencia de los elementos y que no hubo tiempo suficiente para remediarlos."

(²)Dicha sección dispone, en lo pertinente: "Las Cortes de Distrito de Puerto Rico estarán autorizadas en lo sucesivo, para admitir demandas contra El Pueblo de Puerto Rico, en los siguientes casos:

"(a) Acciones por daños y perjuicios."

cual El Pueblo de Puerto Rico consintió en ser demandado en daños y perjuicios debe interpretarse conjuntamente con el artículo 1803 del Código Civil que dispone que en cuanto a la obligación que impone el artículo 1802 por negligencia, El Pueblo de Puerto Rico es responsable cuando obra por mediación de un agente especial, pero no cuando el daño hubiere sido causado por el funcionario a quien propiamente corresponde la gestión practicada. Es decir, aparentemente, el tribunal inferior fué de opinión de que estando las carreteras insulares a cargo del Negociado de Obras Públicas bajo la dirección del Comisionado de lo Interior y no alegándose en la demanda que El Pueblo de Puerto Rico actuara por mediación de un agente especial en la conservación de dichas carreteras, la demanda no aducía hechos constitutivos de causa de acción.

Aceptando, sin resolverlo, que la conclusión a que llegó dicho tribunal sea correcta, tenemos, sin embargo, otra cuestión planteada por el apelado en su alegato, la cual, siendo como lo es, de carácter jurisdiccional, pues envuelve el derecho del soberano a no ser demandado sin su consentimiento, podemos y debemos considerarla y resolverla. Regla 12(*h*) 2 de Enjuiciamiento Civil; *Valiente & Cía.* v. *Cuevas, Comisionado,* 65 D.P.R. 181.

La sección 12 de la Ley núm. 76 de 1916, supra, dispone que: *"Las reclamaciones contra El Pueblo de Puerto Rico no serán transferibles en ninguna forma,* ni estarán sujetas a procedimientos de tercería o embargo en ninguna corte." (Bastardillas nuestras.)

De la demanda aparece alegado que la demandante, por haber pagado el importe de la póliza quedó "subrogada en todos los derechos y acciones que pudiera tener la corporación aseguradora en contra de terceras personas." Aceptando como ciertas las alegaciones de la demanda, si alguien sufrió daños como consecuencia de la negligencia del demandado fué la corporación Puerto Rico Beverages and Flavoring, Inc.

y era ella la que tenía derecho a reclamar los daños sufridos. Si no lo hizo y prefirió obtener su resarcimiento de la aseguradora y, por ende, subrogarla en todos sus derechos y acciones, ese hecho no concedió a la demandante una causa de acción en contra de El Pueblo, ya que éste expresamente prohibió la transferencia de reclamaciones en su contra, es decir, no consintió en ser demandado por aquél a cuyo favor se hubiere transferido una reclamación.

El soberano, aquí El Pueblo de Puerto Rico, sólo puede ser demandado en reclamación de daños y perjuicios en la forma expresamente provista por la Ley núm. 76 de 1916, según enmendada por la Ley núm. 11 de 1928, supra; *Valiente & Cía.* v. *Cuevas, Comisionado,* supra, y las restricciones impuestas tienen que ser, al igual que en cualquier otro caso en que haya dado su consentimiento para ser demandado, cumplidas estrictamente. *Alava e Iturregui* v. *Pueblo de Puerto Rico,* 20 D.P.R. 90; *La Correspondencia de Puerto Rico* v. *Buscaglia, Tes.,* 58 D.P.R. 680; *Mayagüez Light, Power & Ice Co.* v. *Tribunal de Contribuciones,* ante, pág. 519 y *Monge* v. *Tribunal de Contribuciones,* ante, pág. 639 y casos en ellos citados.

*Aunque por distintos motivos, procede la confirmación de la sentencia apelada.*