RAMONA PEÑA y JUAN, MIGUEL, ELADIO y MARÍA ESTHER VÁZQUEZ ROSARIO, demandantes y apelantes, *v.* EL PUEBLO DE PUERTO RICO, demandado y apelado.

Núm. 9724.—*Sometido:* Junio 2, 1948. *Resuelto:* Junio 17, 1948.

*Bolívar Pagán,* abogado de los apelantes; *Hon. Procurador General Luis Negrón Fernández,* y *F. Torres Aguiar, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Jovino Vázquez Rosario fué arrollado por un camión de bombas de incendio, perteneciente al Servicio Insular de Bomberos de Puerto Rico, que es una agencia del Gobierno de Puerto Rico. Vázquez falleció como consecuencia de las lesiones que recibiera en el accidente y ahora la viuda y cuatro hermanos del finado reclaman daños y perjuicios por un total de $45,000. Alegan en su demanda que el accidente fué ocasionado por la negligencia del conductor del vehículo, quien en el momento del accidente conducía el mismo a una velocidad en exceso de 48 millas por hora por una calle dentro de la zona urbana del pueblo de Juncos; y que al aproximarse a la víctima el conductor no tocó bocina ni aparato alguno de alarma, ni trató de reducir la velocidad, ni tomó las necesarias precauciones al doblar la esquina. Se alega, además, que el conductor del vehículo, quien era un empleado de El Pueblo de Puerto Rico, carecía de licencia que le autorizara a guiar vehículos de motor; que en el momento del accidente el conductor estaba trabajando al servicio del Gobierno, en funciones ajenas a su empleo como bombero y que en ese momento estaba "obrando como agente especial de El Pueblo de Puerto Rico, obedeciendo a órdenes y mandato concreto y específico de otro empleado del mismo Servicio Insular de Bomberos, quien tenía a su cargo la conservación y cuidado de dicho vehículo de El Pueblo de Puerto Rico, y quien al dar tal mandato actuaba como agente del Pueblo de Puerto Rico."

Solicitó el demandado la desestimación de la demanda, alegando que la misma no aduce hechos suficientes para constituir causa de acción contra el demandado.

La Corte de Distrito de San Juan dictó su resolución por la cual se desestimó la demanda, concediendo a los demandantes un término de diez días para enmendarla. Solicitaron los demandantes que se dictara sentencia sobre las

alegaciones y al ser ésta dictada interpusieron el presente recurso. Alegan, como único señalamiento, que la corte inferior erró al declarar que de las alegaciones de la demanda no se desprenden hechos tendientes a demostrar que los actos que motivaron el accidente fueron realizados por un agente especial de El Pueblo de Puerto Rico.

■ Por virtud de la Ley núm. 11, Leyes de Puerto Rico, 1928 (pág. 131) El Pueblo de Puerto Rico ha dado su consentimiento para que pueda ser demandado en reclamaciones de daños y perjuicios. En varias de sus decisiones este Tribunal ha resuelto que dicha Ley núm. 11 debe ser interpretada conjuntamente con el artículo 1803 del Código Civil, de acuerdo con el cual El Pueblo de Puerto Rico es responsable en acciones de daños y perjuicios causados por negligencia "cuando obra por mediación de un agente especial; pero no cuando el daño hubiese sido causado por el funcionario a quien propiamente corresponda la gestión practicada." *Rivera* v. *Pueblo,* 65 D.P.R. 983; *Soto* v. *Lucchetti,* 58 D.P.R. 713; *Ortiz* v. *Pueblo,* 44 D.P.R. 153.

■ En *Soto* v. *Lucchetti,* supra, dijimos, copiando del sumario que "Es un agente especial a los efectos del artículo 1803 del Código Civil (ed. 1930) el que recibe un mandato o comisión concreta o determinada, ajena al ejercicio de su cargo, si es un funcionario público, para que en representación del Estado y obligándole como mandatario cumpla el encargo que se le confíe. No alcanza pues, a agentes ejecutivos, que son empleados de la administración activa que, bajo su responsabilidad, ejercen las funciones normales y propias de sus cargos."

■ En la demanda que estamos considerando se alega que el conductor del vehículo era un empleado del Servicio Insular de Bomberos y que el mismo "tenía a su cargo los ordinarios deberes y funciones de bombero"; y que en el momento del accidente "estaba trabajando al servicio de El Pueblo de Puerto Rico en funciones ajenas a su indicado

empleo, obrando como agente especial de El Pueblo de Puerto Rico" y, además, que en ese momento dicho bombero estaba obedeciendo órdenes concretas y específicas de otro empleado del Servicio Insular de Bomberos, "quien al dar tal mandato actuaba como agente de El Pueblo de Puerto Rico." No encontramos en la demanda alegación alguna en cuanto a los términos y naturaleza del mandato o comisión concreta que recibiera y en cumplimiento del cual actuara el conductor del vehículo en el momento del accidente. Tampoco encontramos alegación alguna en cuanto a la facultad que pudiera tener el empleado encargado de la conservación y cuidado del vehículo para nombrar un agente especial para actuar en representación del Estado y obligar a éste como mandatario suyo.

No erró la corte inferior al resolver que los hechos alegados son insuficientes para constituir causa de acción.

*La sentencia recurrida será confirmada.*

El Juez Asociado Sr. De Jesús no intervino.