Manuel Acevedo Rosario, demandante y apelante, *v.* El Pueblo de Puerto Rico, Representado por el Gobernador, Hon. Jesús T. Piñero, demandado y apelado.

Núm. 9725.—*Sometido:* Diciembre 1, 1948. *Resuelto:* Diciembre 9, 1948.

*R. Cuevas Zequeira,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández y A. Torres Braschi, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En la demanda sobre reclamación de daños y perjuicios instada por Manuel Acevedo Rosario contra el Pueblo de Puerto Rico alega éste sustancialmente que por Ley núm. 21 de 1 de mayo de 1947 (pág. 73) se le autorizó para establecer la misma y que con anterioridad a la radicación de ella prestó una fianza por $2,000; que allá para el mes de abril de 1941 se le adjudicó una subasta relacionada con la construcción de un trozo de la carretera que conduce de Santurce a Bayamón; que posteriormente se celebró entre él y el Gobierno de Puerto Rico un convenio de rescisión que puso término a su intervención en la construcción del referido proyecto de carretera, siendo dicho convenio firmado por Sergio Cuevas, en su carácter de Comisionado del Interior y por el propio demandante, como contratista; que un año más tarde el Pueblo de Puerto Rico le demandó en reclamación de la suma de $53,165.05, que alegaba había sido pagada en exceso al demandante, siendo esa acción declarada sin lugar por la Corte de Distrito de San Juan y confirmada por el Tribunal Supremo la sentencia por ésta dictada;[1] que en dicho pleito el Pueblo le embargó nueve fincas rústicas de su propiedad que constituían su patrimonio total, ocasionando esto que él perdiera el crédito de que entonces gozaba en las instituciones bancarias. Solicitó por todo ello se condenara al Pueblo de Puerto Rico a pagarle la suma de $150,000, en concepto de indemnización por los daños y perjuicios causádosle.

---

[1]Véase *Pueblo v. Acevedo,* 65 D.P.R. 473.

A la demanda así presentada interpuso el Pueblo de Puerto Rico mociones para desestimar por falta de hechos constitutivos de una causa de acción y sobre eliminaciones.

El tribunal inferior declaró con lugar la moción para desestimar por falta de hechos, por entender que en la demanda no se alegaba que el Pueblo de Puerto Rico hubiera actuado por mediación de un agente especial, y siendo de opinión que la demanda no era enmendable procedió a dictar sentencia desestimándola. Contra esa sentencia interpuso el demandante apelación para ante esta Corte. Señala como único error que el tribunal inferior erró ''al resolver que la demanda no aducía hechos determinantes de causa de acción por razón de no haberse alegado que los actos culposos imputados en la demanda fueran cometidos por medio de agentes especiales.''

Por la Ley 21, supra, se autoriza al demandante a instar acción civil reclamando compensación pecuniaria por los daños y perjuicios que alegaba le fueron ocasionados por el Pueblo de Puerto Rico al ejercitar éste el pleito titulado ''El Pueblo de Puerto Rico, representado por Rexford G. Tugwell, gobernador de Puerto Rico, versus Manuel Acevedo Rosario,'' sobre cobro de lo indebido, haciéndose constar además que el derecho prescribiría si la acción no se ejercitaba dentro de un año. Igualmente dispuso en su sección 3 que ''Toda ley o parte de ley que se oponga a la presente queda por ésta derogada.'' A los fines del presente caso nada más digno de mención provee la indicada ley.

Al soberano no puede demandársele sin su consentimiento. *Bonet* v. *Yabucoa Sugar Co.*, 306 U.S. 505; *Valiente & Cía.* v. *Cuevas*, 65 D.P.R. 181. Tal consentimiento a ser demandado en ciertos casos ha sido otorgado por la Ley núm. 76 de 13 de abril de 1916 .(pág. 155), según fué enmendada por la Ley núm. 11 de 18 de abril de 1928 (pág. 131). Pero en esos casos las condiciones impuestas por el soberano han de ser cumplidas estrictamente.

■ Según el artículo 1802 del Código Civil, ed. 1930, "El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado" y de acuerdo con el artículo 1803 del mismo cuerpo legal *"El Pueblo de Puerto Rico es responsable en este concepto cuando obra por mediación de un agente especial;* pero no cuando el daño hubiese sido causado por el funcionario a quien propiamente corresponda la gestión practicada, en cuyo caso será aplicable lo dispuesto en el artículo anterior." (Bastardillas nuestras.)

Insiste el apelante en que la sección 3 de la Ley núm. 21 de 1947, a que ya nos hemos referido, derogó el anterior precepto del artículo 1803 del Código Civil y que por ende no es necesario alegar en su caso que el Pueblo de Puerto Rico actuó por mediación de un agente especial. No ha habido tal derogación. Como en el artículo 9 de la Ley núm. 76, supra, se provee que "Las acciones contra el Pueblo de Puerto Rico prescribirán, si el pleito no se principia dentro de un año después de originada la causa de acción", la Ley 21 de 1947 en que se basa el demandante se debió indudablemente a que el período de un año a que hace referencia el aludido artículo expiró sin que el demandante iniciara su acción dentro del año, contado a partir del día en que fué firme la sentencia dictada en el caso seguido contra Acevedo por El Pueblo de Puerto Rico.[2] El propósito de la Ley núm. 21 de 1947 fué, pues, meramente revivir el derecho del demandante a instar su demanda de daños y perjuicios contra el Pueblo de Puerto Rico. No le relevó en forma alguna, ni expresa ni implícitamente, de cumplir con los demás requisitos exigidos por la Ley 76 de 1916 o por el precepto del Código Civil antes citado para poder demandar al Pueblo de Puerto Rico.

---

[2] La sentencia del Tribunal Supremo confirmando la de la corte inferior fué dictada en 10 de diciembre de 1945.

En el presente caso no se alega en la demanda que al embargar las referidas fincas del aquí demandante el Pueblo de Puerto Rico actuaba por mediación de un agente especial. Sin esa alegación la demanda no aduce hechos constitutivos de causa de acción y el tribunal a quo actuó acertadamente al así resolverlo. Conforme dijimos en *Campis* v. *Pueblo,* 67 D.P.R. 393, 397:

"Cuando El Pueblo de Puerto Rico en alguna ley autorizando demandas en su contra ha querido relevar a la parte demandante del cumplimiento de cualquiera de los requisitos exigidos por la ley general de 1916, supra, así lo ha hecho constar específicamente. Por ejemplo, por la Ley núm. 7 de 30 de marzo de 1938 (pág. 126) autorizó a Alfonso González Cabrera para que le demandara sin el requisito de la prestación previa de fianza, y por la núm. 176 de 15 de mayo de 1939 (pág. 903) según fué enmendada por la Ley núm. 105 de 5 de mayo de 1941 (pág. 773), autorizó a los herederos de don Manuel Estrada y don Fernando Noa Pimentel a demandar a El Pueblo de Puerto Rico, *haya o no actuado éste a través de un agente especial.* En el presente caso no se hizo salvedad alguna, ni se eximió a la demandante de cumplir con ninguno de los requisitos exigidos por la ley general de 1916." (Bastardillas nuestras.)

Podríamos decir aquí *mutatis mutandis* que en el caso de autos no se hizo salvedad alguna, ni se eximió al demandante de cumplir con el requisito exigido por el artículo 1803 del Código Civil en relación con la responsabilidad del Pueblo de Puerto Rico cuando obra por mediación de un agente especial.

*Debe confirmarse la sentencia apelada.*