ESTEBAN OCASIO ESTEBAN, menor de edad, representado por su padre legítimo, PERFECTO OCASIO, demandante y apelado, *v.* EL PUEBLO DE PUERTO RICO y MARYLAND CASUALTY COMPANY, demandados y apelantes.

Número 11756.
*Sometido:* 1 de marzo de 1956. *Resuelto:* 27 de marzo de 1956.

*Hon. Secretario de Justicia José Trías Monge y Aurelio Torres Braschi, Procurador Auxiliar,* abogados de El Pueblo, apelante; *Bolívar Pagán,* abogado de la apelante Maryland Casualty Co.; *Héctor González Blanes,* abogado del apelado.

El Juez Presidente Señor Snyder emitió la opinión del Tribunal.

Este pleito de daños y perjuicios contra El Pueblo de Puerto Rico y una compañía de seguros fué radicado después de transcurrir un año desde la fecha del accidente automovilístico aquí envuelto, pero antes de transcurrido un año desde que empezó a regir una ley especial renunciando a la defensa de que el chófer del automóvil no era un agente especial del Pueblo. La cuestión ahora ante nos es si el término de prescripción empezó a correr el día en que ocurrió el accidente o el día en que empezó a regir la ley especial.

El 2 de junio de 1950 Esteban Ocasio, un menor, fué lesionado al ser arrollado por un automóvil perteneciente al Pueblo y conducido por un empleado del gobierno en el curso ordinario de su empleo. La Ley núm. 416, Leyes de Puerto Rico, 1951, aprobada el 11 de mayo de 1951, y vigente a los 90 días después de su aprobación, autorizó a Perfecto Ocasio, padre del menor y con patria potestad sobre éste, a demandar

al Pueblo de Puerto Rico por los daños sufridos por el menor como resultado del accidente. La Ley núm. 193, Leyes de Puerto Rico, 1952, aprobada el 2 de mayo de 1952, y vigente a los 90 días después de su aprobación, enmendó la Ley núm. 416 adicionándole una disposición que renunciaba la defensa de que el chófer del automóvil no era un agente especial del Pueblo.

El 16 de enero de 1953 el menor, representado por su padre, radicó este pleito de daños y perjuicios ante el Tribunal Superior contra El Pueblo y la Maryland Casualty Company. El tribunal sentenciador declaró sin lugar la defensa de que la causa de acción había prescrito. Luego de un juicio en los méritos, el Tribunal Superior dictó sentencia a favor del demandante por la suma de $15,000, la cual fué apelada por los demandados.

 La Ley núm. 76, Leyes de Puerto Rico, 1916, según fué enmendada por la Ley núm. 11, Leyes de Puerto Rico, 1928, 32 L.P.R.A., secs. 3061 *et seq.*, autorizó demandas de daños y perjuicios contra El Pueblo de Puerto Rico. El art. 9 de la Ley núm. 76 dispone que tales acciones prescribirán dentro de un año "..... después de originada la causa de acción.....". La Ley núm. 416 de 1951, según fué enmendada por la Ley núm. 193 de 1952, que específicamente autorizó este pleito, guarda silencio en cuanto a la prescripción. Los demandados, por consiguiente, arguyen que la causa de acción del demandante se originó cuando ocurrió el accidente el 2 de junio de 1950, y que bajo el art. 9 de la Ley núm. 76 la acción había prescrito antes de la radicación de la demanda en 1953. No estamos de acuerdo.

Generalmente hablando, una ley en que el gobierno consiente en ser demandado no crea una causa de acción sino que simplemente renuncia la inmunidad del gobierno a que se le demandara. *Campis* v. *Pueblo*, 67 D.P.R. 393; *Soto* v. *Lucchetti*, 58 D.P.R. 713. Éste era el propósito básico de la Ley núm. 76 de 1916, según fué enmendada por la Ley núm.

11 de 1928. Pero la Ley núm. 76, según fué enmendada, no eliminó el requisito del art. 1803 del Código Civil, ed. 1930, 31 L.P.R.A., sec. 5142, al efecto de que El Pueblo es responsable por los actos negligentes de un empleado solamente si este último actúa como agente especial. *Pérez* v. *Maryland Casualty Co.*, 78 D.P.R. 475; *Peña* v. *Pueblo*, 68 D.P.R. 942; *Rivera* v. *Pueblo*, 65 D.P.R. 983. En su consecuencia, el demandante no podía vencer en un pleito contra El Pueblo cuando ocurrió este accidente el 2 de junio de 1950. Y la Ley núm. 416 de 1951 no subsanó esta situación. Fué sólo después que la Asamblea Legislativa enmendó la Ley núm. 416 al disponer en la Ley núm. 193 de 1952 la renuncia de la defensa en cuanto a agente especial que el demandante tuvo una causa de acción eficaz contra El Pueblo.

Convenimos en que, en vista del silencio de la Ley núm. 193 en cuanto a un término prescriptivo, el demandante venía obligado por el art. 9 de la Ley núm. 76 a radicar este pleito dentro del año después de haberse originado su causa de acción. Pero la Ley núm. 193 de 1952 hizo algo más que meramente autorizar un pleito contra el Pueblo de Puerto Rico; en verdad, eso ya se había hecho primeramente por la Ley núm. 76, según fué enmendada, y entonces, por la Ley núm. 416 de 1951. Sin embargo, tal pleito no hubiera aducido una causa de acción contra El Pueblo toda vez que éste pudo haber levantado con éxito la defensa de que el chófer no era un agente especial suyo. Al eliminar esta defensa que de otro modo hubiera existido bajo el art. 1803 del Código Civil, la Ley núm. 193 de 1952 por vez primera permitió al demandante radicar un pleito que adujera una causa de acción. Véase *Rodríguez* v. *Pueblo*, 75 D.P.R. 401. *Cf. Stella, hoy su Sucn.* v. *Municipio*, 76 D.P.R. 783. Somos de opinión que es obvio que la Asamblea Legislativa tuvo por miras que el término prescriptivo empezara a correr en dicha fecha. De otra forma, la Ley núm. 193 hubiera sido un gesto enteramente fútil, ya que el accidente ocurrió hacía más de un año

antes de su fecha de vigencia. Toda vez que este pleito fué radicado dentro del año de la aprobación de la Ley núm. 193, el tribunal sentenciador no cometió error al desestimar la defensa de prescripción.

Si bien los hechos en el caso de *Valiente y Cía.* v. *Pueblo*, 71 D.P.R. 646, son algo diferentes, la regla que allí establecimos es aplicable a este caso. En dicho caso se aprobó una ley especial autorizando un pleito contra El Pueblo porque el mismo no caía dentro del alcance de la Ley núm. 76, según había sido enmendada. Resolvimos que el término prescriptivo de un año fijado en el art. 9 de la Ley núm. 76 era el que gobernaba la situación, *pero que dicho término empezó a correr el día en que se aprobó la ley especial.* Dijimos a la página 648: "La causa de acción [del demandante] surgió en virtud de la aprobación de la [ley especial]."

El caso de *Santiago* v. *Pueblo*, 74 D.P.R. 211, es distinguible. En dicho caso resolvimos que el término prescriptivo de un año provisto en el art. 9 de la Ley núm. 76 para la radicación de demandas contra El Pueblo no fué prorrogado por el art. 31 de la Ley de Compensaciones por Accidentes del Trabajo en los casos en que El Pueblo puede ser demandado por daños como tercero responsable por las lesiones o muerte de un obrero. Es cierto que dijimos en el caso de *Santiago* a las págs. 214–15 que la causa de acción del demandante surgió el día del accidente. Pero en dicho caso se trataba de una causa de acción que existía para dicha fecha en virtud del art. 404 del Código Político. No estaba envuelta, como en éste, la cuestión de una ley especial que por vez primera eliminó una defensa válida contra una causa de acción.

La compañía de seguros demandada también sostiene lo siguiente: La causa de acción del demandante había prescrito antes de que se aprobara la Ley núm. 193. El Pueblo, de así elegirlo, podía aprobar tal estatuto renunciando a la defensa de prescripción en tanto en cuanto se refería a su

responsabilidad. Pero esta ley no podía operar en el sentido de perjudicar el derecho de la compañía de seguros para invocar la defensa de prescripción. La compañía no cita caso alguno en apoyo de esta contención. *Cf.* Appleman, *Insurance Law and Practice*, sec. 4254, pág. 7 *et seq.* Se comprometió en la póliza a pagar hasta la suma de $10,000, las cantidades que el asegurado "..... viniera obligado a pagar con motivo de la responsabilidad de daños y perjuicios impúestale por ley....". La póliza no limita la responsabilidad de la compañía de seguros según se la imponía la ley tal cual ésta existía a la fecha de expedición de la póliza. Por tanto la compañía era responsable bajo los términos de la póliza aun cuando la Ley núm. 193 fué aprobada con posterioridad a su expedición.

■ El último error señalado es que el tribunal sentenciador ordenó a ambos demandados a pagar la sentencia de $15,000, las costas y $1,000 para honorarios de abogado sin indicar sus respectivas responsabilidades. Si bien este error fué cometido, el mismo no exige la revocación de la sentencia. La póliza de seguros tenía un límite de $10,000 para lesiones físicas a cada persona. Por consiguiente, modificaremos la sentencia para que disponga que la compañía responderá solamente de $10,000, las costas y $1,000 para honorarios de abogado, y El Pueblo responderá por los $15,000, las costas y los honorarios de abogado. *Así modificada, la sentencia será confirmada.* (¹)

---

(¹) La póliza en este caso contenía el mismo endoso con referencia a la renuncia de inmunidad contra pleitos que aparece en el escolio 4 del caso de *Pérez* v. *Maryland Casualty Co.*, supra. Sin embargo, deben tenerse en cuenta dos cosas. En primer lugar, aquí El Pueblo—lo mismo que la compañía de seguros—levantaron las defensas disponibles en un pleito contra el soberano. En segundo lugar, los términos del endoso con respecto al chófer de un automóvil del gobierno no juegan papel alguno en este caso, toda vez que el chófer no fué incluído como demandado.