ARMANDO VALLE TOLEDO, demandante y apelado, *v.* EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y apelante.

Número 12372.

*Sometido:* 29 de abril de 1960.  *Resuelto:* 17 de mayo de 1961.

*J. B. Fernández Badillo, Secretario de Justicia, Arturo Estrella, Secretario Auxiliar* y *Edgard S. Belaval, Procurador Auxiliar,* abogados del apelante; *Víctor A. Coll,* abogado del apelado.

*PER CURIAM:* Acogiéndose a las disposiciones de la Ley núm. 76 de 13 de abril de 1916, según enmendada, el demandante recurrido instó demanda ante el Tribunal Superior, Sala de San Juan, en 25 de junio de 1954, contra el Estado Libre Asociado de Puerto Rico y la Consolidated Construction Company, un contratista independiente, reclamando los daños sufridos por su propiedad con motivo de la construcción de un tramo de la carretera insular número uno. El daño principal consistía en que al bajar el nivel de la carretera su casa había quedado a la orilla de un alto talud, el cual amenazaba desmoronarse.

El tribunal a quo declaró sin lugar una moción de desestimación presentada por el Estado Libre Asociado. Ambos demandados contestaron. El recurrente negó principalmente los daños, su cuantía y la negligencia. Como defensa adicional alegó que de tener el demandante algunos derechos, éstos debieron dilucidarse en el pleito de expropiación seguido por el Estado Libre Asociado contra Valle Toledo y otros ante la Sala de Expropiaciones.

La defensa especial fue declarada sin lugar después de celebrarse una vista. Luego se procedió a la vista del caso en sus méritos. En el curso del juicio la Consolidated Construction Company fue eliminada como demandada. Más tarde el tribunal a quo dictó sentencia condenando al Estado Libre Asociado a pagar al demandante en concepto de daños y perjuicios la suma de $4,700.

■■ En el recurso interpuesto contra dicha sentencia, el Estado Libre Asociado señala la comisión de varios errores, el primero de los cuales consiste en haberse declarado sin lugar la moción de desestimación.

Dicha moción se fundó en que no se alegaba en la demanda que el Estado Libre Asociado había obrado por mediación de un agente especial.

Al resolver la moción el tribunal a quo se expresó así:

"Es cierto que no ha sido un agente especial del Estado Libre Asociado quien ha ocasionado los daños que se alegan en la demanda, pero no creemos que el propósito de la ley es exigirle al ciudadano a quien el Estado le toma una propiedad sin el debido proceso de ley, que gestione de la Asamblea Legislativa, con la aprobación del Gobernador, una ley que le permita demandar al Estado. La Constitución del Estado Libre Asociado de Puerto Rico en la sección 9, artículo II, dice que 'no se tomará o perjudicará la propiedad privada para uso público a no ser mediante el pago de una justa compensación y de acuerdo con la forma provista por ley'. En este caso el Estado Libre Asociado de Puerto Rico ha debido demandar en expropiación forzosa al demandante, ya que los hechos alegados en la demanda constituyen un 'taking' de la propiedad del demandante." (T. A., págs. 5 y 6.)

La aludida disposición constitucional no es de aplicación a este caso. De los autos surge que el gobierno expropió y pagó por el terreno que tomó para el ensanche de la carretera([1]) mediante una estipulación de las partes.

Dijo el tribunal a quo al declarar sin lugar la defensa de cosa juzgada, "los daños que se alegan en la demanda surgieron durante y después de la construcción de la carretera y no eran susceptibles de discusión al llevarse a cabo la estipulación y sentencia del pleito de expropiación".

Obviamente el demandante ejercitó la acción de daños y perjuicios que nace del artículo 1803 del Código Civil (31 L.P.R.A., sec. 5142) y su demanda no podía prosperar si no alegaba y probaba, cosa que no hizo, que al ocasionar los daños el Estado Libre Asociado actuó por mediación de un

---

([1]) De los autos surge que el procedimiento de expropiación se inició en 9 de abril de 1952. Se hizo parte demandada a los antecesores en título del demandante y a éste también pero en relación con una casa de su propiedad que se iba a destruir. Aunque el demandante adquirió la propiedad por escritura de 9 de marzo de 1952, él declaró en el juicio que había comprado después de iniciados los procedimientos de expropiación; que el gobierno pagó a los anteriores dueños el valor de la porción de terreno expropiada y que él no reclamó los daños antes porque todavía no se habían producido. El demandante compró esa propiedad a su suegra quien era la viuda de Pablo Román Caballero.

agente especial. (²)    *Ortiz* v. *Pueblo*, 44 D.P.R. 153; *M. Grau e Hijos* v. *Pueblo*, 51 D.P.R. 13; *Soto* v. *Lucchetti*, 58 D.P.R. 713; *Rivera* v. *Pueblo*, 65 D.P.R. 983; *Valiente & Cía.* v. *Cuevas, Comisionado*, 65 D.P.R. 181; *Peña* v. *Pueblo*, 68 D.P.R. 942; *Acevedo* v. *Pueblo*, 69 D.P.R. 434.

Siendo ello así, es innecesario entrar a considerar los otros errores señalados por el recurrente. *Se revocará la sentencia dictada por el tribunal a quo y se dictará otra desestimando la demanda.*

---

(²) La Ley núm. 76 de 1916, según enmendada fue derogada por la Ley núm. 104 de 29 de junio de 1955.  Bajo la nueva ley no es requisito que el Estado Libre Asociado de Puerto Rico obre por mediación de un agente especial, a los fines de su responsabilidad por daños causados por acción u omisión interviniendo culpa o negligencia.