Natividad Rodríguez, en su propio nombre, y en representación de sus hijos menores Blanca Iris, Mercedes, Luz María, Hipólito, Antonio, Ángel, Irma, Emma y Luis Alfredo Oriol Rodríguez; y Angelita Oriol Rodríguez, peticionarios, *v.* Tribunal del Distrito Judicial de San Juan, Hon. J. M. Calderón, Jr., Juez, demandado; El Pueblo de Puerto Rico, interventor.

Núm. 1803.—*Sometido:* Enero 9, 1950.  *Resuelto:* Febrero 20, 1950.

*Bolívar Pagán,* abogado de los peticionarios; *Hon. Procurador General Vicente Géigel Polanco* y *A. Torres Braschi, Procurador General Auxiliar,* abogados del interventor, demandado en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Expedimos el auto de *certiorari* en este caso para revisar las resoluciones dictadas por el Tribunal de Distrito de San Juan, por las cuales se ordena a los peticionarios a reducir de $77,000 a $1,000 la cuantía que solicitan en su demanda en contra de El Pueblo de Puerto Rico sobre compensación por los daños y perjuicios sufridos por ellos al perder la vida su padre, debido a la negligencia de ciertos empleados del Servicio del Riego de Isabela.

■■ El tribunal inferior sostuvo que de acuerdo con la Ley núm. 130 de 6 de mayo de 1938 (pág. 282), que enmendó la sección 11 de la Ley núm. 63 de 1919 (pág. 349),(¹) El Pueblo de Puerto Rico asume responsabilidad por los actos negligentes cometidos por los empleados del Riego de Isabela únicamente hasta la cantidad de $1,000. No estamos conformes.

Esta cuestión ya fué resuelta en el caso de *Quintero v. Servicio de Riego,* 66 D.P.R. 940, en el cual dijimos a la pág. 946, que, de acuerdo con la Ley núm. 11 de 18 de abril de 1928 enmendando la núm. 76 de 1916: "El Pueblo de Puerto Rico dió su consentimiento para ser demandado en acciones de daños y perjuicios *sin limitación alguna,* es decir, tanto en lo que se refiere a los derivados de acciones ex contractu, como a los que surgieren de acciones ex delicto." (Bastardillas nuestras.)

---

(¹) En lo pertinente, dicha sección 11 dispone:

". . . *Disponiéndose,* que el Comisionado del Interior queda por la presente autorizado y facultado, para cuando a su juicio fuese conveniente, transigir cualquier reclamación que no excediendo de un mil (1,000) dólares se presentare por daños causados a la propiedad o alguna persona por la negligencia de los empleados del Servicio del Riego de Isabela, dentro del distrito en que radican las obras del Servicio del Riego, después de investigación debidamente practicada por el Ingeniero Jefe del Servicio del Riego de Isabela y de opinión afirmativa emitida por el Attorney General de Puerto Rico; *Disponiéndose,* que toda reclamación que sea satisfecha de acuerdo con la autorización que se confiere al Comisionado del Interior será satisfecha de los propios fondos del Servicio del Riego de Isabela."

En dicho caso, no resolvimos que la reclamación por los daños ocasionados debido a la negligencia de los empleados del Riego de Isabela, dentro del distrito donde radican las obras, está limitada a cantidad específica alguna, sino que la limitación solamente se refiere a la cantidad por la cual puede transigir extrajudicialmente el Comisionado del Interior, una reclamación de daños, después de cumplir con ciertos requisitos especificados en la ley. Es la transacción extrajudicial la que está limitada a mil dólares pero no la cuantía por la cual se puede demandar.

También resolvimos en el caso de *Quintero,* pág. 948, que:

"De lo expuesto resulta que la acción que pueda tener el demandante es contra El Pueblo de Puerto Rico y no contra el Servicio del Riego de Isabela y que habiendo El Pueblo de Puerto Rico asumido responsabilidad por los daños causados por los empleados del Sistema de Riego en las condiciones antes dichas, no es de aplicación la doctrina del agente especial enunciada en el art. 1803 del Código Civil ni tampoco lo son los casos de *Ortiz* v. *Pueblo,* 44 D.P.R. 153, y *Soto* v. *Lucchetti,* 58 D.P.R. 713."

Citamos de nuevo este párrafo ya que en la resolución recurrida la corte inferior da la impresión de que en estos casos es necesario alegar la agencia especial.

*Se anulan las resoluciones recurridas y se devuelve el caso para ulteriores procedimientos.*