DIEGO G. GONZÁLEZ, demandante y apelante, *v.* EL PUEBLO DE PUERTO RICO, demandado y apelado.

Núm. 10076.—*Sometido:* Mayo 10, 1950. *Resuelto:* Mayo 19, 1950.

*Manuel A. García Méndez* y *Benjamín Ortiz,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco* y *José Antonio Arabía, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Diego G. González inició en 7 de julio de 1944 ante la Corte de Distrito de Aguadilla demanda de daños y perjuicios contra el Servicio del Riego de Isabela. Fundó su causa de acción substancialmente en que desde el año 1929 ha venido poseyendo como arrendatario una finca rústica de 703.28

cuerdas, situada en el barrio Arenales, de Isabela; que la misma estaba incluída en el distrito de riego creado por la Ley núm. 63 de 19 de junio de 1919 (pág. 349) ; que una de las condiciones del arrendamiento fué que el arrendatario se haría cargo del pago de las cuotas de riego y él lo hizo así; que desde que adquirió la posesión de la citada finca, el demandado le había dado servicio de agua para el riego de la misma, dedicando él 250 acres de la finca a la siembra, cultivo y recolección de caña de azúcar; que allá para el mes de abril de 1943 comenzó el cultivo de sus cañas en los referidos 250 acres y que ya iniciado éste solicitó del demandado el riego de agua para ese producto, cosa que empezó a hacer el demandado de manera muy deficiente hasta el día 5 de mayo de 1943; que no obstante sus reiteradas súplicas el demandado no le sirvió agua durante el resto del año 1943; que la suspensión del agua la efectuó el demandado por medio de sus agentes y empleados, mientras se hallaban éstos en el desempeño de sus funciones como tales, innecesaria, voluntaria y descuidadamente; y que esto le ha ocasionado daños y perjuicios ascendentes a $20,701.76.

A la demanda así radicada el demandado presentó las defensas de que la misma no aduce hechos constitutivos de causa de acción; de que la corte no tiene jurisdicción sobre la persona del demandado ni sobre la materia de la acción ejercitada; y de que el demandado no tiene capacidad legal para serlo.

Nada se hizo en el caso, sin embargo, hasta que en 25 de junio de 1947 el demandante radicó una moción sometiendo las defensas especiales interpuestas por el demandado y solicitando un término de treinta días para ultimar el estudio de ellas. No obstante, el 22 de julio siguiente, el demandante presentó un nuevo escrito allanándose, a virtud de lo resuelto por nosotros en *Quintero* v. *Servicio del Riego*, 66 D.P.R. 940, a las defensas especiales levantadas por el demandado y solicitando un término de treinta días para radicar una demanda contra El Pueblo de Puerto Rico. A pesar de la oposición.

del demandado, la corte declaró con lugar la moción del demandante y concedió a éste un término de quince días para radicar tal demanda, previa prestación de una fianza por la suma de $2,000. La fianza así fijada fué prestada y aprobada el 12 de diciembre de 1947, radicándose en igual fecha una demanda contra El Pueblo de Puerto Rico que, podría decirse, es copia *verbatim* de la originalmente presentada contra el Servicio del Riego de Isabela.

A esta nueva demanda el demandado interpuso las defensas de prescripción, de falta de jurisdicción y de falta de hechos constitutivos de una causa de acción. Al resolver las cuestiones así suscitadas, la corte inferior dictó una extensa resolución en la que hizo constar, entre otras cosas, que "no alegándose en la demanda del presente caso que los perjuicios causados al demandante le fueron causados por un agente especial de El Pueblo de Puerto Rico, y apareciendo por el contrario de la propia demanda que los daños causádosle a éste al privársele de agua para el regadío de sus cañas, surgieron como consecuencia de la aparente negligencia de los empleados del Servicio del Riego de Isabela, en el curso de sus funciones, y quienes eran los funcionarios encargados por El Pueblo de Puerto Rico de prestar el servicio de provisión de agua a los terratenientes del indicado distrito de regadío de Isabela, entendemos que es meritoria la contención del demandado y que procede declarar con lugar la moción de desestimación formulada por éste, por no alegar la demanda hechos suficientes constitutivos de una causa de acción." Concluyó la corte que no siendo la demanda susceptible de enmienda, debía dictar, como dictó, sentencia desestimándola, con costas.

De la sentencia así dictada apeló el demandante y en apoyo de su recurso alega que la corte inferior erró al resolver: (1) que la demanda no aducía hechos determinantes de una causa de acción; (2) que los funcionarios del Servicio del Riego de Isabela no son agentes especiales del Pueblo de Puerto Rico; (3) que la doctrina de agentes especiales y el artículo 1803 del Código Civil son aplicables al caso de autos;

(4) que El Pueblo de Puerto Rico no es responsable debido a que los funcionarios del Servicio del Riego de Isabela no son agentes especiales de El Pueblo de Puerto Rico; y (5) al dictar sentencia desestimando la demanda definitivamente.

Los errores así señalados han sido discutidos conjuntamente tanto por el apelante como por el apelado. Las cuestiones planteadas en los últimos cuatro han sido ya resueltas por este Tribunal en el caso de *Quintero* v. *Servicio del Riego*, supra. En él estaba envuelta una acción similar a la instada en el presente. Nos expresamos así a la página 948:

". . . la acción que pueda tener el demandante es contra El Pueblo de Puerto Rico y no contra el Servicio del Riego de Isabela y . . . habiendo El Pueblo de Puerto Rico asumido responsabilidad por los daños causados por los empleados del Sistema de Riego . . ., no es de aplicación la doctrina del agente especial enunciada en el artículo 1803 del Código Civil . . . ."

También resolvimos que los empleados del Servicio del Riego de Isabela no son agentes especiales de El Pueblo de Puerto Rico dentro del significado del indicado artículo. En su consecuencia, la demanda radicada en este caso contiene alegaciones suficientes determinativas de una causa de acción.

En el caso de *Rodríguez* v. *Tribunal de Distrito*, 70 D.P.R. 909, decidimos, además, que al asumir El Pueblo de Puerto Rico responsabilidad bajo la Ley núm. 63 de 1919 (pág. 349), según fué enmendada por la núm. 130 de 6 de mayo de 1938, pág. 282, lo había hecho sin limitación de cantidad alguna.

Como último argumento para sostener su contención al efecto de que la sentencia apelada debe ser confirmada, se sostiene en el alegato del demandado, luego de discutirse con amplitud los errores señalados por el apelante, que la acción contra El Pueblo de Puerto Rico, de existir, estaría prescrita. Se recordará que, según ya hemos indicado, los alegados daños fueron causados al demandante en el curso del año 1943; que la demanda original contra el Servicio del Riego de Isabela se radicó en 7 de julio de 1944 y que no fué hasta el 12 de diciembre de 1947 que se presentó contra El

Pueblo de Puerto Rico la demanda que es ahora objeto del presente recurso.

Provee la Ley núm. 76 de 13 de abril de 1916 (pág. 155) en su artículo 9 que "todas las acciones contra El Pueblo de Puerto Rico prescribirán, si el pleito no se principia dentro de un año después de originada la causa de acción; . . . ." Si nos ciñéramos estrictamente a la letra del estatuto, tendríamos que concluír que la demanda instada en 1947 contra El Pueblo de Puerto Rico está prescrita. Al resolver tal cosa cometeríamos una injusticia, toda vez que el demandante actuó de conformidad con lo resuelto por este Tribunal en los casos de *Banuchi* v. *Distrito de Riego*, 43 D.P.R. 784 y 52 D.P.R. 364. En ellos dijimos que causas de acción como la aquí seguida procedían contra el Servicio del Riego y no contra El Pueblo de Puerto Rico. Empero, al igual que lo hicimos en el caso de *Quintero* v. *Servicio del Riego*, supra, lo procedente es considerar, a virtud del cambio de criterio de este Tribunal, que la corte inferior podía conceder permiso para radicar la demanda objeto del recurso que nos ocupa. Véase también *Mayagüez Light Power & Ice Co.* v. *Tribunal de Contribuciones*, 65 D.P.R. 30, en el cual nos expresamos así a la pág. 35:

"Afortunadamente, hay una teoría legal a mano que creemos puede aplicarse a este caso; es decir, la regla de que aquéllos que han obtenido derechos de propiedad o de contratos, descansando en una decisión de una corte de última instancia, pueden bajo ciertas circunstancias ser protegidos en sus derechos, no obstante la revocación posterior de la decisión en cuestión."

Bajo estas circunstancias, la acción iniciada en 12 de diciembre de 1947 contra El Pueblo de Puerto Rico no está prescrita.

*Debe revocarse la sentencia apelada y devolverse el caso a la Corte de Distrito de Aguadilla para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Snyder no intervino.

El Juez Asociado Sr. Negrón Fernández se inhibió.