Francisco Correa Serrano, recurrente, *v.* Comisión Industrial de Puerto Rico, compuesta de los Comisionados M. León Parra, F. Paz Granela y Juan M. Herrero, demandada, y Ramón Montaner, en su carácter de Administrador del Fondo del Estado, recurridos.

Núm. 199.—*Sometido:* Mayo 20, 1940. *Resuelto:* Mayo 22, 1940.

---

* Nota: Véase el prefacio.

*Virgilio Brunet* y *Miguel A. Casiano,* abogados del recurrente; *M. León Parra,* abogado de la Comisión; *Hon. Procurador General George A. Malcolm, E. de Aldrey, Procurador General Auxiliar* y *Víctor J. Vidal González* y *G. Atiles Moréu,* Asesores Legales los dos últimos del Fondo del Estado, abogados del Administrador recurrido.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El obrero recurrente sufrió un accidente del trabajo el 17 de febrero de 1939. El Administrador del Fondo del Estado le proporcionó el tratamiento necesario y siguiendo el dictamen de su médico lo dió de alta como curado y sin incapacidad alguna, el 3 de junio siguiente. No estando conforme el obrero con la decisión del Administrador del Fondo del Estado en cuanto declaraba que no tenía incapacidad alguna, recurrió a la Comisión Industrial de Puerto Rico alegando que no podía hacer movimiento alguno con el cuello y que por consiguiente había quedado incapacitado como resultado del accidente.

La Comisión Industrial ordenó al asesor médico de la misma, Dr. Luis C. Boneta, que lo recluyera en una clínica y lo sometiese a los exámenes que fueran necesarios para determinar el grado de incapacidad, si alguno tenía. Después de recluir el obrero en la Clínica Industrial por espacio de dos semanas, el Dr. Boneta informó a la Comisión Industrial que el obrero tenía una incapacidad que estimaba en la pérdida de un 33⅓ por ciento de sus funciones fisiológicas. Ordenó la Comisión una nueva vista, en la que oyó los informes de los Dres. Boneta y Díaz García, este último médico del Fondo del Estado, y finalmente resolvió reconocer al

obrero una incapacidad de 30 por ciento. Se concedió al obrero la correspondiente indemnización, pero estimando éste que además tenía derecho a que se le pagasen las dietas correspondientes a las dos semanas que estuvo recluído en la Clínica Industrial para que se pudiera determinar la incapacidad que antes le había negado el Administrador del Fondo del Estado, presentó una petición a ese efecto en la Comisión Industrial. Desestimada su moción, solicitó la reconsideración y también le fué denegada. Fué entonces que interpuso el presente recurso.

■■ La Ley de Compensaciones a Obreros, como toda ley de justicia social, debe ser interpretada tan liberalmente como sea posible para llevar a efecto cumplidamente los propósitos que la inspiran. Por esa razón deben facilitarse al obrero los medios necesarios para que con el menor sacrificio pecuniario de su parte pueda hacer efectivo su derecho. En este caso, la Comisión Industrial, por la insistencia del obrero, pudo hacerle justicia concediéndole la indemnización a que tenía derecho y que antes equivocadamente le había sido denegada. No fué por motivos imputables al obrero que el Dr. Díaz García no descubrió su incapacidad. Si una nueva observación logró descubrirla, justo es que esta nueva observación se considere como una continuación de la primera, y si antes se le pagaron dietas por el tiempo que estuvo en observación, también deben pagársele en la segunda ocasión, indemnizándole así el tiempo que dejó de trabajar por causas ajenas a su voluntad.

■ La moción eliminatoria sometida juntamente con el recurso de revisión debe desestimarse, porque si bien el párrafo cuya eliminación se solicita es impertinente, no es materia escandalosa ni perjudica en forma alguna a la parte que solicita su eliminación.

*Procede, por lo expuesto, declarar con lugar el recurso y revocar la resolución de la Comisión Industrial de Puerto Rico de 4 de abril de 1940 y la denegatoria de reconsideración de 10 del mismo mes, y ordenar a la Comisión Industrial que*

*disponga que por cuenta del Fondo del Estado se paguen al obrero las dietas correspondientes a los quince días que estuvo recluído en la Clínica Industrial sometido a la observación del asesor médico de la Comisión.*