Isabel Santiago Viuda de Vázquez, por sí y en representación de su hijo menor Luis Antonio Vázquez Santiago, demandantes y apelantes, *v.* El Pueblo de Puerto Rico, representado por su primer ejecutivo el Gobernador de Puerto Rico, Negociado de Obras Públicas y Departamento de lo Interior, demandados y apelados.

Número 10400

*Sometido:* 1 de diciembre de 1952. *Resuelto:* 19 de diciembre de 1952.

*Enrique González,* abogado de los apelantes; *Hon. Procurador General Víctor Gutiérrez Franqui* y *Edgar S. Belaval, Procurador General Auxiliar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del Tribunal.

El 4 de enero de 1950 Isabel Santiago Vda. de Vázquez, por sí y en representación de su hijo menor Luis Antonio Vázquez Santiago, inició acción de daños y perjuicios contra El Pueblo de Puerto Rico. En demanda enmendada que radicó en el mes de abril del mismo año, alegó, en lo pertinente a la cuestión que ha de ocuparnos, que el 2 de enero de 1949 Andrés Vázquez Méndez—esposo y padre, respectivamente, de los demandantes—conducía el vehículo P–24001 propiedad de la Arrow Taxicabs, de San Juan, como empleado de ésta, por la carretera que conduce de Río Piedras al Barrio Cupey Alto de dicha jurisdicción; que al llegar al hectómetro 6 de dicha carretera, donde hay una curva y un puente estrecho que no tenía barandas ni protección alguna, el vehículo, que iba despacio, se fué por sobre el puente, cayendo el chófer al agua y ahogándose; que la causa próxima del accidente fué la negligencia de El Pueblo de Puerto Rico al mantener desde mucho antes del 2 de enero de 1949, falto de reparación y en completo estado de abandono y descuido dicho puente, sin barandas ni protección para los vehículos que por allí transitaran, a pesar del conocimiento que de ello tenían el Negociado de Obras Públicas y el Departamento del Interior de Puerto Rico, quienes para la fecha de referencia tenían a su cargo la supervisión de las carreteras insulares, y que el 15 de febrero de 1949 el Administrador del

Fondo del Seguro del Estado, considerando que la muerte de Vázquez Meléndez fué el resultado de un accidente del trabajo, compensable de acuerdo con la ley, dictó resolución final concediendo al menor demandante Luis Antonio Vázquez Santiago, como único beneficiario de dicho obrero, una compensación ascendente a la suma de $2,906.

El tribunal inferior desestimó la demanda enmendada, a instancias de El Pueblo de Puerto Rico, por el fundamento de que la acción estaba prescrita. No siendo susceptible de enmienda, dictó sentencia declarándola sin lugar, con costas a los demandantes. En apelación éstos sostienen que fué error del tribunal inferior resolver que la acción estaba prescrita al considerar que no eran de aplicación al caso las disposiciones del artículo 31 de la Ley núm. 45 de 1933 ((1) pág. 251)—Ley de Compensaciones por Accidentes del Trabajo—según enmendado por la Ley núm. 16 de 12 de abril de 1948 ((1) pág. 29).(1) Veamos.

El accidente y la muerte del obrero ocurrieron el 2 de enero de 1949. La demanda original se radicó el 4 de enero de 1950. La acción, que se predica en la responsabi-

---

(1) Dicho artículo, en lo pertinente, dispone:

"En los casos en que la lesión, enfermedad ocupacional o la muerte que dan derecho al obrero, empleado o sus beneficiarios a compensaciones, de acuerdo con esta Ley, le hubiere provenido bajo circunstancias que hacen responsables a terceras personas de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios de la tercera persona responsable de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha de la resolución final del caso por el Administrador del Fondo del Seguro del Estado, y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción en la forma siguiente:

"Cuando un obrero o empleado lesionado, o sus beneficiarios en caso de muerte, tuvieren derecho a entablar una acción por daños en contra de una tercera persona, en aquellos casos en que el Fondo del Seguro del Estado, de acuerdo con los términos de esta Ley, estuviere obligado a compensar en alguna forma, o a proporcionar tratamiento, el Administrador del Fondo del Seguro del Estado se subrogará en los derechos del obrero o empleado, o de sus beneficiarios, y podrá entablar procedimientos en contra de la tercera persona, y en nombre del obrero o empleado, o de sus beneficiarios, dentro de los noventa días siguientes a la fecha de la resolución final del caso, y cualquier suma que como resultado de la acción,

lidad a que alude el artículo 404 del Código Político, [2] se dirigió contra El Pueblo de Puerto Rico como tercero responsable de la muerte del obrero, a tenor con las disposiciones del artículo 31 de la Ley 45 ya citada. La acción, por lo tanto, estaría prescrita, según resolvió el tribunal inferior y sostiene el apelado, si resolvemos que el término prescriptivo para demandar a El Pueblo de Puerto Rico es el de un año a partir de la fecha en que surgió la causa de acción para los demandantes, según provee el artículo 9 de la Ley núm. 76 de 13 de abril de 1916 (pág. 155), enmendada por la núm. 11 de 18 de abril de 1928 (pág. 131). De otro lado, no estaría prescrita si el artículo 31 de la Ley 45 tuvo el efecto de prorrogar el período de un año fijado por la sección 9 de la Ley 76. Veamos.

La causa de acción surgió para los demandantes el día 2

---

o a virtud de transacción judicial se obtuviere en exceso de los gastos incurridos en el caso se entregará al obrero o empleado lesionado o a sus beneficiarios con derecho. El obrero o empleado o sus beneficiarios serán parte en todo procedimiento que entable el Administrador bajo las disposiciones de este artículo, y será obligación del Administrador notificar por escrito a las mismas de tal procedimiento dentro de los cinco (5) días de iniciada la acción.

"Si el Administrador dejare de entablar demanda contra la tercera persona responsable dentro del término de noventa días, a partir de la fecha de la resolución del caso, el obrero o empleado, o sus beneficiarios quedarán en libertad completa para entablar tal demanda en su beneficio sin que vengan obligados a resarcir al Fondo del Seguro del Estado por los gastos incurridos en el caso.

"El obrero o empleado lesionado, o sus beneficiarios, no podrán entablar demanda ni transigir cualquier derecho de acción que tuvieren contra la tercera persona responsable de los daños hasta después de transcurridos noventa días a partir de la resolución del caso por el Administrador del Fondo del Seguro del Estado. ..."

(2) Dicho artículo disponía lo siguiente antes de su enmienda por la Ley núm. 273 de 10 de mayo de 1950 ((1) pág. 709):

"*Responsabilidad civil.*—El pueblo de Puerto Rico será responsable de los daños y perjuicios que se ocasionen a las personas o propiedades por desperfectos, falta de reparación o de protección suficiente para el viajero en cualquier vía de comunicación, perteneciente a la Isla, y a cargo del Negociado de Obras Públicas, excepto donde se pruebe que los desperfectos de referencia fueron causados por la violencia de los elementos y que no hubo tiempo suficiente para remediarlos."

de enero de 1949.(³) El artículo 31 de la Ley 45 no crea
causa de acción alguna. Por virtud de sus disposiciones, el
obrero o sus beneficiarios, según sea el caso, pueden reclamar
daños y perjuicios de una tercera persona responsable de un
accidente que sufra el obrero en su trabajo y que dé a él, o
a sus beneficiarios en caso de muerte, derecho a una compen-
sación del Fondo del Seguro del Estado, bajo la Ley 45, "den-
tro del año subsiguiente a la fecha de la resolución final del
caso por el Administrador del Fondo del Seguro del Estado."
Hasta aquí podemos decir, en términos generales, que el tér-
mino de un año para ejercitar la causa de acción por daños
y perjuicios que surge de culpa o negligencia, ha quedado
prorrogado, cuando se trata de reclamar dichos daños de
una tercera persona responsable de un accidente del trabajo,
por el término que el Administrador tome en resolver el caso
en forma final. Por virtud del propio artículo 31 ya citado,
el Administrador puede subrogarse en los derechos del obrero
o sus beneficiarios y ejercitar dicha acción, con exclusión de
éstos, dentro de los noventa días siguientes de dictada su
resolución final en el caso, y cualquier suma que se obtenga
como resultado del pleito incoado en exceso de los gastos en
que incurriera el Fondo del Seguro del Estado con motivo
del accidente, se entregará al obrero o sus beneficiarios. Pero
si el Administrador deja transcurrir los noventa días fijados
para ejercer su derecho de subrogación, entonces la acción
sólo podrá ser entablada por el obrero o sus beneficiarios,
sin venir éstos obligados a devolver al Fondo cantidad alguna.

Si el tercero responsable del accidente en este caso no
lo fuera El Pueblo de Puerto Rico, es obvio que la acción no
estaría prescrita en cuanto al menor demandante—que fué la
única persona declarada beneficiaria por el Administrador

---

(³) Partimos de la base de que la Ley 76 de 13 de abril de 1916, según
enmendada por la núm. 11 de 18 de abril de 1928, por ser un estatuto de
consentimiento, no derogó—contrario a lo que sostiene El Pueblo—la res-
ponsabilidad que aceptó por virtud del artículo 404 del Código Político.

·en· su resolución final—(⁴) por cuanto ésta se dictó el 15 de febrero de 1949 y el pleito se inició el 4 de enero de 1950. Sin embargo, tratándose de una acción contra El Pueblo de Puerto Rico, que sólo ha dado su consentimiento para ser demandado en daños y perjuicios bajo las condiciones establecidas en la Ley núm. 76, según enmendada por la núm. 11, ambas ya citadas, la conclusión es distinta. Es cierto, como se expresa en la opinión disidente en este caso, que la Ley de Compensaciones por Accidentes del Trabajo es un estatuto que debe ser interpretado liberalmente en favor del obrero o sus beneficiarios. Pero tal regla no es de utilidad en este caso ya que aquí no hay margen para, ni se trata de, la interpretación del artículo 31 de dicha ley, y sí más bien del efecto del mismo en el artículo 9 de la Ley 76. Y es universal la regla—inexorable por la política pública que informa—que los estatutos por virtud de los cuales el soberano renuncia a su inmunidad contra pleitos deben ser interpretados restrictivamente en favor del soberano, y que éste puede imponer aquellas condiciones bajo las cuales consiente a ser demandado. *McMahon* v. *United States*, 342 U.S. 25, 96 L. ed. 1 (adv. op.); *United States* v. *Sherwood*, 312 U.S. 584, 85 L. ed. 1058; *United States* v. *Shaw*, 309 U.S. 495, 84 L. ed. 888; *Bonet* v. *Yabucoa Sugar Co.*, 306 U.S. 505, 83 L. ed. 946; *Puerto Rico* v. *Shell Co.*, 302 U.S. 253, 82 L. ed. 235; *Porto Rico* v. *Rosaly*, 227 U.S. 270; *Gómez Tejera* v. *Tribl. Contribuciones*, 73 D.P.R. 471; *Mayagüez Light, P. & I. Co.* v. *Tribl. Contribuciones*, 68 D.P.R. 519; *Campis* v. *Pueblo*, 67 D.P.R. 393; *Valiente & Cía.* v. *Cuevas, Comisionado*, 65 D.P.R. 181; *Rivera* v. *Pueblo*, 65 D.P.R. 983; *Méndez* v. *Buscaglia, Tes.*, 64 D.P.R. 743. A dicha regla no se le da efecto jurídico en la opinión disidente, ya que en ésta se parte de la errónea premisa de que el estatuto de consentimiento—en la condición impuesta de que se demande dentro de un año de originada la causa de acción—puede ser

---

(⁴) Estaría siempre prescrita en cuanto a la otra demandante, viuda del obrero, lo cual admiten los apelantes.

modificado o suspendido implícitamente. Dicha opinión confunde, en éste y otros extremos, el estatuto general de prescripción de acciones, que no se aplica en este caso, con el estatuto de consentimiento para ser demandado. El término de un año para iniciar acciones por daños y perjuicios contra El Pueblo de Puerto Rico, fijado por el artículo 9 de la Ley 76, no fué ampliado por el artículo 31 de la Ley 45, según enmendada, para permitir pleitos una vez transcurrido el año de originada la causa de acción, que fué la condición impuesta por el soberano para dar su consentimiento. Tampoco es afectado dicho artículo 9 de la Ley 76 por las disposiciones de los artículos 40, 44 y 46 del Código de Enjuiciamiento Civil(5) que van dirigidos a reglamentar el ejercicio de las acciones bajo el estatuto general de prescripción y no bajo el estatuto mediante el cual el soberano da su consentimiento para ser demandado. Para ello sería necesario que *expresamente* la Asamblea Legislativa así lo dispusiera, bien en el propio estatuto de consentimiento o bien en cualquier otro estatuto por el cual específicamente se modifique el de consentimiento. Eso no ocurre en este caso.

---

(5) Dichos artículos disponen:

"Artículo 40.—Si la persona con derecho a ejercitar una acción, que no sea la reivindicatoria de propiedad inmueble, fuese al tiempo de nacer la causa de la acción:

"1. Menor de edad:

"2.

"3.

"4. . . . ; el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción."

"Artículo 44.—Cuando el principio de una acción es suspendido por *injunction* o prohibición legal, el tiempo que dure tal *injunction* o prohibición no es parte del tiempo requerido para dar comienzo a la acción."

"Artículo 46.—Cuando dos o más causas de incapacidad coexistan al tiempo de nacer la causa legal de la acción, la prescripción no corre hasta que hayan desaparecido."

Es obvio que si la teoría expuesta en la opinión disidente fuera la ley, en el caso de autos, por ser el demandante un menor de pocos años, el término para ejercitar su causa de acción no comenzaría a contarse hasta que llegara a su mayor edad. ¿Es ésa la interpretación restrictiva que venimos obligados a dar a la condición impuesta por la Ley 76 de demandar dentro de un año de surgida la causa de acción?

 Un examen cuidadoso de la jurisprudencia citada en la opinión disidente para sostener que en el presente caso "el período de suspensión o de demora no debe formar, ni forma parte integrante en manera alguna del período fijado por el propio soberano para iniciar acciones en su contra" porque el derecho a entablar el pleito ha quedado en suspenso o ha sido demorado por disposición expresa del estatuto—artículo 31 de la Ley 45—revelará que la misma es totalmente inaplicable al caso de autos. Veamos: (1) En varios de los casos citados se trata de pleitos entre ciudadanos particulares, en los que no entra en juego el estatuto de consentimiento y sí meramente el estatuto general de prescripción de acciones; (2) En otros se trata de pleitos instados por el soberano y *no* de pleitos *contra* el soberano, por lo cual tampoco entra en juego el estatuto de consentimiento; (3) En otros, de pleitos contra cuerpos políticos no soberanos—municipalidades; (4) En aquéllos en que se trata de pleitos contra el soberano, la demora o suspensión del término fijado para iniciarlos está autorizada expresamente por el estatuto de consentimiento o por algún otro estatuto en relación específica con el primero.

Por otro lado, el propósito del legislador al prorrogar el término para demandar a terceras personas responsables de accidentes del trabajo fué, sin duda, que se determinara previamente por el Administrador la compensabilidad del accidente—para lo cual era necesario esperar que éste dictara su resolución final—y dar a éste oportunidad para que, subrogándose en los derechos del obrero o sus beneficiarios, entablara demanda dentro de los noventa días siguientes a su resolución contra el tercero responsable del accidente a fin de resarcirse de los gastos provenientes del mismo. Sin embargo, a falta de autorización expresa en el artículo 31 de la Ley 45, el Administrador está impedido de subrogarse en los derechos del obrero o sus beneficiarios cuando el tercero responsable lo es El Pueblo de Puerto Rico, pues de acuerdo con el artículo 12 de la Ley 76, las reclamaciones contra éste

no serán transferidas en forma alguna. *P. R. & Am. Ins. Co.* v. *Pueblo*, 68 D.P.R. 677. En tales casos, el obrero o sus beneficiarios no están obligados a esperar la resolución del Administrador del Fondo ni, claro está, los 90 días siguientes a dicha resolución, para poder entablar pleito contra El Pueblo de Puerto Rico.

Forzosa es, por lo tanto, la conclusión de que el artículo 31 de la Ley núm. 45, según quedó enmendado por la núm. 16 de 12 de abril de 1948, no es de aplicación cuando la tercera persona responsable del accidente lo es El Pueblo de Puerto Rico, y que no cometió error el tribunal inferior al así resolverlo y al dictar sentencia declarando sin lugar la demanda por estar prescrita la causa de acción de los demandantes.

*La sentencia será confirmada.*

El Juez Asociado Sr. Pérez Pimentel no intervino.

Opinión disidente emitida por el Juez Asociado Señor Marrero.

La opinión de la mayoría se basa, a mi juicio, en dos conclusiones por demás erróneas. La primera de ellas es que el artículo 31 de la Ley núm. 45 de 1935, según quedó enmendado por la núm. 16 de 12 de abril de 1948 (pág. 29) no es de aplicación cuando el tercero responsable del accidente lo es El Pueblo de Puerto Rico; y la segunda, que la acción entablada por el menor demandante está prescrita.

Nada hay en el artículo 31, según ha sido enmendado, que justifique la conclusión de que el mismo no es aplicable cuando el tercero responsable del accidente lo es El Pueblo de Puerto Rico. El hecho de que las reclamaciones contra éste no puedan ser transferidas en forma alguna y de que el Administrador del Fondo no pueda, por ende, subrogarse en los derechos del obrero o de sus beneficiarios no debe ser óbice para que en aquellos casos en que el accidente se ha debido a la culpa o negligencia de El Pueblo, se inste acción

de daños y perjuicios en su contra. (¹) Si los demandantes habrán de tener éxito o no es cuestión que por ahora no me compete resolver.

Convengo, desde luego, con el principio de que las leyes a virtud de las cuales el soberano da su consentimiento para que se le demande han de ser interpretadas estrictamente. El mismo no es nuevo en esta jurisdicción. *Campis* v. *Pueblo*, 67 D.P.R. 393, 397. Empero, ello no significa que el artículo 9 de la Ley núm. 76 de 1916 (pág. 155), preceptivo de que "Todas las acciones contra El Pueblo de Puerto Rico prescribirán, si el pleito no se principia dentro de un año después de originada la causa de acción" ha de ser interpretado aisladamente, sin tomar en consideración en forma alguna principios de derecho establecidos por otras leyes, que tienen que ver muy de cerca con el caso que está ante la consideración del tribunal. Veamos: el artículo 31, supra, dispone de manera clara y terminante que cuando el accidente sufrido por el obrero se ha debido a causas que hacen responsable a un tercero, el obrero o sus beneficiarios podrán reclamar y obtener daños y perjuicios del tercero entablando demanda contra éste "dentro del año subsiguiente a la fecha de la resolución final del caso por el Administrador del Fondo del Seguro del Estado." Provee, además, dicho artículo de manera taxativa, que "el obrero o empleado lesionado, o sus beneficiarios, no podrán entablar demanda ni transigir cualquier derecho de acción que tuvieren contra la tercera persona responsable de los daños hasta después de transcurridos 90 días a partir de la resolución del caso por el Administrador del Fondo del Seguro del Estado." Así, pues, por disposición expresa de ley cuando en el accidente sufrido por un obrero interviene la culpa o negligencia de una tercera persona, el obrero o sus beneficiarios no pueden repetir contra

---

(¹) Considero que de ser correcta la aseveración, contenida en la opinión de la mayoría, de que el art. 31, supra no es de aplicación cuando el tercero responsable del daño lo ha sido El Pueblo de Puerto Rico, la discusión que en ella se hace de la cuestión de prescripción resulta enteramente superflua.

ésta hasta después de transcurridos 90 días de haberse dictado la resolución final por el Administrador. El estatuto exige de manera paladina el cumplimiento de ese requisito. El mismo resulta ser una condición previa *sine qua non*. De acudirse a cualquier tribunal sin darse cumplimiento al mismo, el tribunal *necesariamente* tendría que declararse sin jurisdicción. El hecho de que el demandante sea un menor no altera la situación. *Fox* v. *Alcoa S.S. Co.*, 143 F.2d 667; *Artukovich* v. *Astendorf*, 131 P.2d 831; *cf. Thompson* v. *County of Los Angeles*, 140 Cal. App. 73; *Hurley* v. *Town of Bingham*, 228 Pac. 213; McQuillin *Municipal Corporations*, Vol. 6, 2da. ed., pág. 627, sección 2632. Tampoco debe alterarla el hecho de que el tercero causante del daño lo sea El Pueblo.

Ahora bien, ¿el hecho de tener el obrero o sus beneficiarios que acudir al Fondo del Estado, que esperar hasta que el Administrador dicte su resolución final y que, una vez dictada ésta, tengan que permitir que transcurra el término de 90 días para iniciar su acción judicial, interrumpe el término que la ley concede para instar semejantes demandas de daños y perjuicios contra El Pueblo de Puerto Rico? Éste es el nervio de la cuestión que está ante nos, y mi criterio personal es que la pregunta debe ser contestada en la afirmativa.

Las leyes de indemnizaciones a obreros deben ser interpretadas liberalmente en favor de éstos y en forma tal que llenen debidamente su cometido. *Correa* v. *Comisión Industrial*, 56 D.P.R. 816, 818; *Montaner, Admor.* v. *Comisión Industrial*, 54 D.P.R. 722, 727. Si por disposición expresa del estatuto en casos de esta índole el obrero o sus beneficiarios han de dar cumplimiento a los requisitos ya reseñados y el tiempo que tomen los mismos no habría de ser descontado del término que fija la ley para iniciar la causa de acción contra El Pueblo de Puerto Rico, el derecho provisto por la sección 31, supra, resultaría con frecuencia ilusorio. Es más, en muchos casos se convertiría en una burla para el obrero

o para los que en vida de él dependían, puesto que por razones inexplicables o ajenas a la voluntad del Administrador la resolución final de éste podría demorarse más de un año contado a partir de la fecha en que ocurrió el accidente. No fué ése, sin duda, el espíritu que movió al legislador a aprobar el estatuto en cuestión.

En mi opinión, cuando el derecho a iniciar una demanda contra el Estado queda en suspenso o es demorado por disposición expresa de un estatuto · aprobado por éste—como ocurre en el presente caso—el período de suspensión o de demora no debe formar, ni forma parte integrante en manera alguna del período fijado por el propio soberano para instar acciones en su contra. Así lo ha resuelto específicamente el Tribunal Supremo de la Nación, al igual que otros tribunales. Véanse *United States* v. *Wiley*, 11 *Wall.* 508, 20 L. ed. 211, 213; *Amy* v. *Watertown, No. 2*, 130 U.S. 320, 323, 32 L. ed. 946; *Elliott & Horne Co.* v. *Chambers Land Co.*, 215 Pac. 99, 100; *Collier* v. *Goesling*, 160 F. 604, 611; *Devereaux* v. *City of Brownsville*, 29 Fed. 742, 751; *Western & Atlantic R. Co.* v. *State of Georgia*, 14 L.R.A. 438, 457; 34 Am. Jur. 152, sec. 188. Cf. *Braun* v. *Sauerwein*, 77 U.S. 218, 223, 19 L. ed. 895, 897; *Hanger* v. *Abbott*, 6 Wall. 532, 18 L. ed. 939, 943; *Guaranty Trust Co. of N. Y.* v. *United States*, 304, U.S. 126, 82 L. ed. 1224, 1230; *Collins* v. *Woodworth*, 109 F.2d 628, 629. En armonía con lo anterior es erróneo concluir que la acción incoada por el menor demandante está prescrita. Su derecho a demandar—si bien estuvo en suspenso durante todo el tiempo que el Administrador del Fondo se tomó para dictar su resolución final y durante los 90 días subsiguientes—surgió en 15 de febrero de 1949, fecha de la citada resolución final. Véase la sección 31, supra. Habiéndose entablado la demanda en 4 de enero de 1950 la acción no estaba prescrita. Véanse, además *Broadfoot* v. *City of Fayeteeville*, 32 S.E. 804, 809; *Bollinger* v. *National Fire Ins. Co. of Hartford, Conn.*, 154 P.2d 399, 406; *Dillon* v. *Board of Pension Com'rs.*, 116 P.2d 37, 39.

Por otra parte, han debido tomarse en consideración las disposiciones de los artículos 40 y 44 del Código de Enjuiciamiento Civil. El primero de ellos, en lo aquí pertinente, dispone: "Si la persona con derecho a ejercitar una acción, que no sea la reivindicatoria de propiedad inmueble, fuese al tiempo de nacer la causa de la acción: (1) Menor de edad; ... el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción." Y el último de ellos que: "Cuando el principio de una acción es suspendido por ... prohibición legal, (*statutory prohibition*) el tiempo que dure tal ... prohibición no es parte del tiempo requerido para dar comienzo a la acción." A tenor de lo así provisto, el tiempo necesario para el menor llegar a su mayoridad no ha debido contarse y el término de su causa de acción contra El Pueblo de Puerto Rico ha debido comenzar en el momento en que éste cumpla los 21 años. *Hennessy* v. *San Bernardino County*, 117 P.2d 745, 747; 16 Cal. Jur., pág. 563, sección 160; Cf. *Dulin* v. *Industrial Accident Commission*, 149 P.2d 868, 870.

El de *McMahon* v. *United States*, 342 U.S. 25, 96 L. ed. 1, que parece ser el caso que sirve de fundamento principal a la opinión de la mayoría, es enteramente distinguible del presente. En él un marinero presentó demanda contra Estados Unidos de América fundado en cierta ley que otorga a los marinos empleados por los Estados Unidos en barcos pertenecientes al gobierno los mismos derechos que a los empleados en embarcaciones americanas pertenecientes a particulares. Según esa ley, si la reclamación del marino es denegada administrativamente en todo o en parte, la misma puede ser ejercitada de acuerdo con la ley que autoriza pleitos en Almirantazgo. Esta última dispone que todo pleito instado a tenor de la misma "deberá ser iniciado dentro del término de dos años de surgir la causa de acción." Una corte de distrito federal declaró sin lugar la demanda fundándose en que ésta no se entabló dentro del término de dos años de recibidas las lesiones por el demandante. La Corte de Apela-

ciones del Tercer Circuito confirmó su sentencia por el mismo fundamento. Basado en la opinión emitida por la Corte de Apelaciones de los Estados Unidos para el Noveno Circuito en el caso de *Thurston* v. *United States*, 179 F.2d 514, el demandante sostenía que el término prescriptivo no comenzaba a correr hasta que su reclamación fuera declarada sin lugar administrativamente. El Tribunal Supremo de la Nación manifestó que no le era posible concurrir con el peticionario ni con la Corte del Noveno Circuito, toda vez que creía que la debida interpretación a ser dada al lenguaje usado en la ley autorizando pleitos en Almirantazgo era que el término prescriptivo debía computarse desde la fecha en que ocurría el accidente. Continuó diciendo que "esa ley fué redactada varios años antes de autorizarse pleitos como el presente, sobre reclamaciones rechazadas. Ciertamente, durante esos años la limitación dependía del hecho que daba lugar a la reclamación, y no del rechazo de la misma. Cuando posteriormente el derecho a demandar se amplió de forma tal que incluyera reclamaciones como la aquí envuelta, no hubo indicación alguna al efecto de que el período prescriptivo contenido en la vieja ley sería alterado. . . . Toda vez que no se fija término alguno dentro del cual el marinero está en la obligación de radicar su reclamación, según la posición por él asumida él estaría en libertad, demorando su radicación, de posponer indefinidamente el comienzo del período prescriptivo. . . . No podemos interpretar la ley en el sentido de que da a los reclamantes una opción respecto a cuándo prefieren iniciar el período prescriptivo de una acción contra los Estados Unidos. De conformidad con ello, resolvemos que el término empieza a correr desde la fecha en que ocurre el accidente." Empero, dicho Tribunal siguió diciendo que "es de observarse que el reglamento aplicable a la radicación de tal reclamación provee que si la misma no se rechaza por escrito dentro de 60 días de su presentación, se presumirá que la misma ha sido denegada administrativamente, y el reclamante tendrá derecho a entablar demanda. Los autos

que tenemos a la vista no revelan con precisión cuándo se radicó la reclamación del peticionario, como tampoco cuándo la misma fué denegada. *En vista del estado de los autos, que hace incierto si la cuestión tendría algún efecto sobre el resultado del litigio, y del hecho de que el peticionario no ha suscitado el punto, creemos inoportuno considerar si el estatuto de limitaciones (statute of limitations) queda en suspenso por un período máximo de 60 días mientras la reclamación está pendiente y no ha sido denegada, mediante notificación o por disposición del reglamento."* (Bastardillas nuestras.) Como se ha visto, la ley envuelta en ese caso no fijaba término alguno dentro del cual el lesionado debía presentar su reclamación. En vista de ello, el tribunal más alto de la nación no creyó apropiado considerar si el término prescriptivo fijado por la ley quedaba o no en suspenso durante el período de 60 días a que alude.

En el de autos, sin embargo, por disposición expresa y taxativa de un estatuto aprobado por el propio soberano, el obrero y sus beneficiarios tenían las manos enteramente atadas y no podían instar su acción contra El Pueblo de Puerto Rico hasta que dieran cumplimiento riguroso al mismo y hasta que los términos en él fijados se hubieran cumplido.

A virtud de las anteriores consideraciones, mi criterio personal es que la sentencia del tribunal inferior ha debido ser revocada.